The STATE of Ohio, Appellee,

v.

CLOUD, Appellant.

[Cite as *State v. Cloud* (1993), 91 Ohio App.3d 366.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 63102.

Decided Nov. 1, 1993.

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *Ralph Kolasinski*, Assistant Prosecuting Attorney, for appellee.

*Hyman Friedman*, Cuyahoga County Public Defender, and *Beverly J. Pyle*, Assistant Public Defender, for appellant.

JOHN F. CORRIGAN, Presiding Judge.

Appellant Erick Cloud appeals from his convictions for possession of cocaine and possession of criminal tools. For the reasons set forth below, we reverse and remand.

I

Appellant was indicted by a Cuyahoga County Grand Jury on September 11, 1991, for two counts of possession of cocaine in violation of R.C. 2925.03 and one count of possession of criminal tools in violation of R.C. 2923.24. Appellant filed a motion to suppress evidence, which motion was heard by the trial court on November 21, 1991.

At the suppression hearing, the state presented the testimony of Officer Eugene Jones of the Cleveland Police Department. Officer Jones testified that he received numerous complaints from both the owner and occupants of 14757–59 Coit Road that men were carousing and selling drugs from the front porch of that structure. This area is near Collinwood High School. Officer Jones testified that it is common to find young men in this area selling drugs for a few hours each day after school.

Officer Jones further testified that at 5:45 p.m. on July 8, 1991, he observed four males on the porch at 14757–59 Coit Road and, by use of his loudspeaker, advised them that they had no legal right to be on the porch and to leave. Officer Jones recognized appellant from earlier warnings that he was involved in possible illegal activities. Jones and his partner drove away, but returned several minutes later to find the men still on the porch.

Officer Jones testified that at this point he and his partner stopped and exited their vehicle. Officer Jones then ordered the four men to approach the zone car.

Officer Jones continued his testimony that he and his partner searched the four individuals for weapons. While patting down appellant, Officer Jones felt a hard object in the rear pocket, and for his own safety, asked appellant to remove it. The item recovered was a plastic bag containing forty-four rocks of crack cocaine.

Finally, Officer Jones testified that prior to ordering appellant to remove the object from his pocket, he suspected that it could be razor blades. In addition, Officer Jones testified that the 14700 area of Coit Road is a high crime area that he surveys daily.

On the basis of the foregoing testimony, the trial court denied appellant's motion to suppress. Thereafter, appellant pled no contest to the charges and was found guilty by the trial court. Appellant was sentenced to a term of eighteen months' actual incarceration and a mandatory $5,000 fine under count one, and

eighteen months' incarceration under counts two and three. This appeal timely follows.

## II

For his first assignment of error, appellant contends:

"The trial court erred by denying appellant's motion to suppress evidence which was seized without a warrant and without any exception to the warrant requirement in violation of Article I, Section 14 of the Ohio Constitution and the Fourth and Fourteenth Amendments to the United States Constitution."

In determining the propriety of Officer Jones's conduct, we must examine the investigatory stop and the protective search separately.

In *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889, the United States Supreme Court held that a police officer may stop and investigate unusual behavior, even without probable cause to act, when he reasonably concludes that the individual is engaged in criminal activity. In justifying that conclusion, the officer "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Id.* at 21, 88 S.Ct. at 1880, 20 L.Ed.2d at 905.

These *"Terry"* circumstances are to be viewed through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold. *State v. Freeman* (1980), 64 Ohio St.2d 291, 295, 18 O.O.3d 472, 474, 414 N.E.2d 1044, 1047. Furthermore, a reviewing court must give due weight to the officers' experience and training and view the evidence as it would be understood by those in law enforcement. *United States v. Cortez* (1981), 449 U.S. 411, 418, 101 S.Ct. 690, 695, 66 L.Ed.2d 621, 629.

On the basis of the facts articulated by Officer Jones, we find that the *Terry* search was warranted. Officer Jones testified that he has made over one thousand drug arrests, is familiar with the area in question, and views it as a high crime area, especially in the hours shortly after the nearby high school dismisses its students for the day. Further, Officer Jones lives in the district, and works part-time at the high school.

In addition, Officer Jones received complaints from the owner of the house that uninvited individuals were selling drugs on the front porch. A tenant made a similar complaint, all just prior to the date in question. Further, the individuals failed to heed the earlier warning to leave the area. Finally, Officer Jones recognized appellant as one of the individuals on the porch and recalled his reputation for being someone that "needed to be watched."

We find that on the basis of Officer Jones's testimony, the stop of appellant was a proper intermediate response to the activity at hand, and was reasonable under the law. See *State v. Andrews* (1991), 57 Ohio St.3d 86, 565 N.E.2d 1271.

■ Having determined that the stop of appellant was reasonable, we must now determine whether the search was justified.

■ The rationale behind the protective search is to allow police officers to take reasonable precautions for their own safety while conducting and investigation. *Terry*, 392 U.S. at 24, 88 S.Ct. at 1881, 20 L.Ed.2d at 907; *Andrews, supra*, 57 Ohio St.3d at 89, 565 N.E.2d at 1274. While probable cause is not required, the standard to perform a protective search, like the standard for an investigatory stop, is an objective one based on the totality of the circumstances. *Id.*

■ Police may seize non-threatening contraband detected through the sense of touch during a protective pat down search of the sort permitted in *Terry*, so long as the search stays within the bounds marked by *Terry*. *Minnesota v. Dickerson* (1993), —— U.S. ——, 113 S.Ct. 2130, 124 L.Ed.2d 334. The identity of the contraband, however, must be immediately apparent to the searching officer. *Id.*

In the case *sub judice*, Officer Jones testified that he did not know what the object in appellant's pocket was; therefore, *Dickerson* does not provide a basis on which this search may be justified.

Furthermore, the protective search exception set forth in *Terry* does not provide a basis on which the search may be justified. Officer Jones testified on direct examination that he felt that the object in appellant's rear pocket "could be" razor blades. On cross-examination, however, Officer Jones admitted that:

"I had requested it and determined it wasn't a weapon, but I didn't know what it was, and I wasn't going to reach in his shorts and pull it out."

From this testimony we must conclude that the search was merely an effort to uncover contraband.

Appellant's first assignment of error has merit.

## III

For his second assignment of error, appellant contends:

"The trial court abused its discretion and denied the appellant due process of law as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution when it imposed a mandatory fine of five thousand dollars, notwithstanding the appellant's indigence."

In light of our ruling under appellant's first assignment of error, this assignment of error is moot.   App.R. 12.

*Judgment reversed*
*and cause remanded.*

KRUPANSKY and STILLMAN, JJ., concur.

SAUL G. STILLMAN, J., retired, of the Eighth Appellate District, sitting by assignment.