DECISION.
{¶ 1} While a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing, "a trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea."[1] Here, the trial court did not afford the defendant the due process required — it denied the defendant's Crim.R. 32.1 motion to withdraw a guilty plea without a hearing. We reverse and remand for a hearing on the motion.
 I. A Guilty Plea and Then a Change of Mind {¶ 2} Defendant-appellant Ledon Spurling was charged with trafficking in cocaine,[2] a third-degree felony, and possession of cocaine,[3] a fourth-degree felony. On November 9, 2005, Spurling entered into a plea agreement where he agreed to plead guilty to an amended count of possession of cocaine, a third-degree felony, and have the second count dismissed. The agreed sentence was two years.
 {¶ 3} On the same day that Spurling entered into the plea agreement, the trial court properly reviewed all the constitutional rights Spurling was waiving by entering his plea. The trial court did not impose the sentence at the end of this hearing. Instead, the court scheduled sentencing for January 6, 2006.
 {¶ 4} Before the trial court could impose sentence, Spurling moved to withdraw his guilty plea under Crim.R. 32.1. The trial court overruled Spurling's motion without a hearing.
 {¶ 5} Spurling hired another attorney, and that attorney again moved to withdraw the guilty plea. The trial court discussed the second motion at sentencing, but overruled it as "redundant." The court further stated that "there is no way under the rules that you can file a second motion to withdraw your plea and just keep coming back changing your reasons." The court then imposed the agreed sentence.
 {¶ 6} Spurling now appeals, claiming that (1) the trial court erred by overruling his motion to withdraw his guilty plea; (2) his sentence was supported by unconstitutional judicial findings requiring that he be resentenced under State v.Foster;[4] (3) the trial court erred by amending the indictment; and (4) his trial counsel was ineffective.
 II. Crim.R. 32.1 Motion to Withdraw Guilty Plea {¶ 7} Under Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 8} The rule provides a standard to evaluate post-sentence motions to withdraw a guilty plea — manifest injustice. But the rule does not provide a standard for presentence motions such as this one. To resolve this question, the Ohio Supreme Court has analogized Crim.R. 32.1 to its federal counterpart, Fed.R.Crim.P.32(d).[5] In doing so, the court concluded that the decision to grant or deny a defendant's Crim.R. 32.1 motion is within the sound discretion of the trial court. "One who enters a guilty plea has no right to withdraw it. It is within the sound discretion of the trial court to determine what circumstances justify granting such a motion."[6] An abuse of discretion connotes an arbitrary, unreasonable, or unconscionable decision by the trial court.[7] Unreasonable means that no sound reasoning process supports the decision.[8]
 {¶ 9} But the Ohio Supreme Court also has construed Crim.R. 32.1 so that "a presentence motion to withdraw a guilty plea should be freely and liberally granted."[9] This creates an anomaly — a motion that should be freely and liberally granted, yet the denial of which is reviewed under an abuse-of-discretion standard. And as we have recognized before, "the myriad pronouncements of the appellate courts that these motions should be `liberally and freely' granted lose some meaning, if the standard is `abuse of discretion' with no guidelines whatever."[10]
 {¶ 10} Nevertheless, the Ohio Supreme Court has stated that "it must be recognized that a defendant does not have an absolute right to withdraw a plea prior to sentencing. Therefore, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea."[11]
 {¶ 11} Here, the trial court failed to afford Spurling a hearing on his first Crim.R. 32.1 motion to determine whether there was a good reason for withdrawing the plea. The trial court simply overruled the motion. When the trial court finally heard Spurling's second motion to withdraw his guilty plea, it cursorily denied the motion as being redundant. It is hard to imagine the motion being redundant when it was not afforded a hearing the first time.
 {¶ 12} The trial court erred by failing to afford Spurling a hearing on his Crim.R. 32.1 motion. Although a court has the discretion to grant or deny the motion, it must afford the defendant the due-process right of a hearing.
 {¶ 13} On remand, the trial court should examine the numerous factors that should be weighed in considering a presentence motion to withdraw a guilty plea: "(1) whether the accused is represented by highly competent counsel; (2) whether the accused was given a full Crim.R. 11 hearing before entering the plea; (3) whether a full hearing was held on the motion; (4) whether the trial court gave full and fair consideration to the motion; (5) whether the motion was made within a reasonable time; (6) whether the motion sets out specific reasons for the withdrawal; (7) whether the accused understood the nature of the charges and possible penalties; and (8) whether the accused was perhaps not guilty of or had a complete defense to the charge or charges."[12]
 {¶ 14} We thus sustain Spurling's first assignment of error. His other assignments are now moot. We reverse the trial court's judgment and remand for a hearing on the motion.
Judgment reversed and cause remanded.
Hildebrandt, P.J., and Winkler, J., concur.
Ralph Winkler, retired, from the First Appellate District, sitting by assignment.
[1] See State v. Xie (1992), 62 Ohio St.3d 521,584 N.E.2d 715, paragraph one of the syllabus.
[2] R.C. 2925.03(A)(2).
[3] R.C. 2925.11(A).
[4] See State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470.
[5] Xie, 62 Ohio St.3d 521, 526, 584 N.E.2d 715.
[6] Id.
[7] See Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
[8] See AAAA Enterprises, Inc. v. River Place Community UrbanRedevelopment Corp. (1990), 50 Ohio St.3d 157, 161,553 N.E.2d 597; State v. Echols (1998), 128 Ohio App.3d 677, 669-670,716 N.E.2d 728.
[9] Xie, 62 Ohio St.3d 521, 526, 584 N.E.2d 715, citingState v. Peterseim (1980), 68 Ohio App.2d 211, 213-214,428 N.E.2d 863.
[10] See State v. Fish (1995), 104 Ohio App.3d 236, 239,661 N.E.2d 788.
[11] Xie, 62 Ohio St.3d 521, 527, 584 N.E.2d 715.
[12] Fish, 104 Ohio App.3d at 240, 661 N.E.2d 788, citingPeterseim, 68 Ohio App.2d 211, 213-214, 428 N.E.2d 863, Statev. Mathis (May 30, 1990), 1st Dist. No. C-890286, and State v.Cloud (1993), 91 Ohio App.3d 366, 632 N.E.2d 932.