OPINION
{¶ 1} Defendant-appellant Mark Fugate appeals from his conviction and sentence, following a guilty plea, to one count of Felonious Assault, with a five-year firearm specification. Fugate contends that the trial court erred when it denied his motion to withdraw his guilty plea, following a hearing, because it applied the post-sentencing standard of discretion to a pre-sentence motion to withdraw. Fugate also contends that the trial court erred when it disallowed any evidence on the issue of whether he had any defense to the charge and specification to which he pled guilty. Fugate further contends that the trial court erred in its order of restitution.
 {¶ 2} We agree with Fugate that the trial court erred by applying a post-sentencing standard of discretion, which requires a finding of manifest injustice, to this pre-sentence motion to withdraw a guilty plea. We further conclude that the trial court erred when it disallowed any evidence on the issue of whether Fugate had any defense to the charge and specification, since that would be a relevant consideration to a pre-sentence motion to withdraw a guilty plea. We conclude, finally, that Fugate's claim of error with respect to the order of restitution is premature, because the trial court has not yet ordered a specific amount of restitution. Accordingly, the order of the trial court denying Fugate's motion to withdraw his plea is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.
 I {¶ 3} Fugate was charged by indictment with one count of Felonious Assault, with accompanying firearm specifications of both the three-year and five-year variety. In due course, a plea agreement was negotiated whereby Fugate would plead guilty to Felonious Assault, with a five-year firearm specification, the three-year firearm specification would be dismissed, and it was agreed that Fugate's aggregate sentence would not exceed ten years imprisonment.
 {¶ 4} Following the plea, but before sentencing, Fugate moved to withdraw his plea. A hearing was held on his motion. The trial court denied Fugate's motion to withdraw his plea, sentenced him to five years imprisonment for Felonious Assault, to be served consecutively with the five-year sentence for the firearm specification, and ordered him "to pay complete restitution to [the victim] for economic loss in the amount of FULL RESTITUTION, upon which execution is hereby awarded to be paid through the Montgomery County Clerk of Courts."
 {¶ 5} From his conviction and sentence, Fugate appeals.
 II {¶ 6} Fugate's First Assignment of Error is as follows:
 {¶ 7} "THE TRIAL COURT ERRED IN DENYING THE MOTION TO WITHDRAW PLEA."
 {¶ 8} In support of this assignment of error, Fugate first contends that the trial court applied an incorrect standard in exercising its discretion. Crim. R. 32.1 provides that:
 {¶ 9} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 10} Under Crim. R. 32.1, a pre-sentence motion to withdraw a guilty plea "should be freely and liberally granted." State v. Xie (1992), 62 Ohio St.3d 521, 527. While even this determination is confided to the sound discretion of the trial court, and does not confer an absolute right to withdraw a guilty plea, Id., paragraph one of syllabus, it is obviously a far more liberal test than the post-sentence requirement of a manifest injustice.
 {¶ 11} At the conclusion of the evidentiary hearing on Fugate's motion to withdraw his plea, after the arguments of counsel, the trial court prefaced its decision with the following:
 {¶ 12} "The Court would make this finding. First of all, after — pursuant to an agreed Sentence, which is basically what this was, albeit a sentence arranged with a cap of ten, that operates to place the posture of the case in a Post-Sentence Motion to withdraw to which the standard is substantially different than the one applicable to Pre-Sentence Motions to Withdraw."
 {¶ 13} We agree with Fugate that the trial court erred when it applied the post-sentence standard in determining whether to grant his motion to withdraw. Not only was this motion literally made before sentencing, the reasons for applying a stricter standard to a post-sentencing motion do not apply in this case. The post-sentence "manifest injustice" standard is aimed at cases where a defendant pleads guilty without knowing what his sentence will be, finds out that his sentence is worse than he had hoped and expected, and then seeks to vacate his plea. In this case, Fugate still did not know exactly what his sentence was going to be. He could have received a sentence of two, three, four or five years for Felonious Assault, which, together with the consecutive five-year sentence for the firearm specification, would have aggregated seven, eight, nine or ten years. Furthermore, he learned nothing new about his sentence after his plea was tendered. When he tendered his plea, he already knew that it would be limited to no more than ten years, in the aggregate, since that was part of the plea bargain.
 {¶ 14} At the oral argument of this appeal, the State cited two cases for the proposition that Fugate's motion to withdraw his plea should be considered under the standard applicable to post-sentence motions. The most recent of these is State v. Hall, 2006-Ohio-6116, Montgomery App. No. 21449. In that case, unlike in this case, the defendant's own, post-plea act of not appearing for sentencing made it unlikely that he would receive the more lenient sentence that the trial court had indicated a predisposition to impose, provided that he appeared for sentencing and "did not get into trouble." Id., ¶ 5. Furthermore, we never actually resolved the issue of which standard should be applied, the pre-sentence or the post-sentence standard, concluding that under either standard, the defendant's motion to withdraw his plea had no merit. Id., ¶¶ 13-14.
 {¶ 15} The older case cited by the State is State v. Long (May 13, 1993), Montgomery App. No. 13285. In that case, we noted that the trial judge had made it known to defense counsel, after the plea, but before the imposition of sentence, what sentence she intended to impose, and that sentence was more severe than the defendant had thought had been agreed upon as part of the plea bargain. Our opinion is not a model of clarity with regard to what standard we were applying, the pre-sentence standard or the post-sentence standard. At p. 5 of the opinion, we state: "But in any event this is a motion to vacate before sentence was imposed so the court must review the facts of this case under the guidance that such a motion should be freely allowed." But then, at p. 6, we state: "We agree that the trial court correctly observed that appellant's motion should be considered as made after sentence because it was only after counsel learned of the court's sentence that he sought to vacate his client's guilty plea. To correct a `manifest injustice' the court may set aside the judgment of conviction and permit the defendant to withdraw his plea. Crim. R. 32.1." In any event, the rationale in State v. Long, supra, that would permit the application of the less liberal post-sentence standard of discretion for considering the defendant's motion to withdraw his plea is that the defendant in that case had been unpleasantly surprised, after his plea had been accepted, to discover that the trial court was going to be imposing a more onerous sentence than he had supposed. That would invoke the rationale for the stricter, post-sentence standard, which we explained, at p. 4 of our opinion in State v. Long, as follows: "But if a plea of guilty could be retracted with ease after sentence, the accused might be encouraged to plead guilty to test the weight of the potential punishment and withdraw the plea if the sentence were unexpectedly severe." That rationale does not exist in the case before us.
 {¶ 16} From our review of the record, it appears unlikely that the trial court will exercise the more liberal, pre-sentence discretion any more favorably to Fugate, because the trial court's remarks after announcing its erroneous determination of the standard to be employed suggest that it gave no credence to Fugate's testimony. Nevertheless, because the discretion reposed in the trial court is both liberal and broad, we cannot say with the necessary degree of confidence that the trial court's error in applying the post-sentencing standard was harmless.
 {¶ 17} Fugate next contends that the trial court erred when it did not allow him to elicit testimony concerning possible defenses he had to the charge and specification to which he pled guilty. Fugate cites State v.Fish (1995), 104 Ohio App.3d 236, 240, for the proposition that in considering a pre-sentence motion to withdraw a guilty plea, the trial court should consider "whether the accused was perhaps not guilty of or had a complete defense to the charge or charges (see State v. Cloud
[1993], 91 Ohio App.3d 366, 632 N.E.2d 932)."
 {¶ 18} The trial court did not allow any evidence concerning possible defenses to the charges, sustaining an objection when this line of questioning was initiated. Because a pre-sentence motion to withdraw a guilty plea is confided to the sound discretion of the trial court, we conclude that it has substantial discretion in deciding the scope of the evidence it will allow at the hearing on the motion. We can understand a trial court's reluctance to permit a trial on the merits of the charge, in the guise of a motion to withdraw a plea. Nevertheless, some inquiry concerning whether the defendant had a substantial defense to the charge should be allowed. We agree with Fugate that the trial court erred when it disallowed any inquiry along these lines.
 {¶ 19} Fugate's First Assignment of Error is sustained.
 III {¶ 20} Fugate's Second Assignment of Error is as follows:
 {¶ 21} "THE TRIAL COURT ERRED IN THE IMPOSITION AND AMOUNT OF RESTITUTION."
 {¶ 22} Both the State and Fugate recognize that the judgment of the trial court is deficient with respect to the issue of restitution, because the amount of restitution is not specified. We agree. State v.Summers, 2006-Ohio-3199. It is therefore premature to consider any claim of error in the restitution order. On remand, the trial court must determine the proper, specific amount of restitution, and make an appropriate order.
 {¶ 23} Fugate's Second Assignment of Error is overruled as premature.
 IV {¶ 24} Fugate's First Assignment of Error having been sustained, and his Second Assignment of Error having been overruled as premature, the order of the trial court denying Fugate's motion to withdraw his guilty plea is Reversed, and this cause is Remanded for consideration of that motion, in accordance with this opinion, and for determination of the proper, specific amount of restitution to be ordered, should Fugate's motion to withdraw his plea be denied.
GRADY, P.J., and WOLFF, J., concur.