OPINION
{¶ 1} Defendant-Appellant, Daryl Thomas, appeals a judgment of the Montgomery County Common Pleas Court overruling his motion to withdraw his plea of guilty, convicting him of one count of rape, R.C.2907.02(A)(1)(a), and four counts of sexual battery, R.C. *Page 2 2907.03(A)(5), and sentencing him to an aggregate term of twelve years of imprisonment. Thomas asserts that the trial court improperly denied his motion to withdraw his plea and that it erred in overruling his prior motion to suppress. Finding that the trial court applied the correct standard in considering the motion to withdraw his plea and that a guilty plea waives any error in a ruling on a suppression motion, we affirm the trial court's judgment.
 {¶ 2} On October 28, 2005, Thomas was arrested on a rape charge, and his home was searched pursuant to a warrant. The alleged victim of the crime was Thomas' foster son. Before being advised of the charge, before being Mirandized, and while Thomas was being transported to the City Safety Building, Thomas inquired of Detective Olinger whether this involved his foster child. Olinger answered in the affirmative and asked Thomas to wait until they arrived at the police department to discuss the matter further.
 {¶ 3} Upon arriving at the Safety Building, Thomas was placed into an interview room and his handcuffs were removed. Detective Quinn informed Thomas of the charge, verified his identification, and Mirandized him. Thereafter, Detective Olinger entered the room and offered Thomas food, drink, and the use of the bathroom and telephone. Thomas confirmed to Olinger that he had gone over and understood his rights. Thereafter, Thomas confessed to some, but not all, of the allegations made by the foster child. The detectives also obtained a DNA sample from Thomas. At no time did Thomas request an attorney or indicate that he wanted to terminate the interrogation. This process lasted approximately two hours.
 {¶ 4} Thomas was indicted on one count of rape and four counts of sexual battery, all relating to his conduct with his fourteen-year-old foster child. Thomas was arraigned, and attorney Jack Harrison was appointed to defend him. Thomas moved to suppress the statements *Page 3 
to the police officers, claiming that the statements were the fruit of an illegal arrest, that they were involuntary, and that they were made without an effective waiver of his Constitutional rights. After a hearing, the trial court overruled the motion. A jury trial was scheduled to commence on June 5, 2006.
 {¶ 5} On June 6, 2006, Thomas entered a negotiated plea of guilty to the offenses charged in the indictment. In return therefor, the state agreed to a recommended sentencing range of seven to fifteen years, and that they would not pursue other charges against him, currently under investigation. Less than two weeks later, and prior to sentencing, Thomas moved to withdraw his plea.
 {¶ 6} The trial court conducted a hearing on the motion on July 25, 2006. At this hearing, Thomas claimed that his attorney was ineffective, in that he advised him incorrectly and coerced Thomas into pleading guilty. At the conclusion of the hearing, the trial court overruled the motion to withdraw the plea and proceeded to sentencing. Thomas was sentenced to an aggregate term of twelve years in prison. It is from this judgment that the defendant now appeals, setting forth two assignments of error for our review.
 First Assignment of Error {¶ 7} "The trial court erred in denying Appellant's motion to withdraw his guilty pleas."
 Second Assignment of Error {¶ 8} "The trial court erred in overruling Appellant's motion to suppress."
 {¶ 9} This Court reviews a motion to withdraw a guilty plea under an abuse of discretion standard. State v. Xie (1992), 62 Ohio St.3d 521,526, 584 N.E.2d 715. An abuse of *Page 4 
discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621, 614 N.E.2d 748. Unless it is established that the trial court acted unjustly or unfairly, an appellate court cannot find that an abuse of discretion occurred. Xie, 62 Ohio St.3d at 526, quoting Barker v. United States (C.A.10, 1978), 579 F.2d 1219, 1223.
 {¶ 10} A motion to withdraw a guilty plea is governed by Crim.R. 32.1, which provides:
 {¶ 11} "A motion to withdraw a plea of guilty * * * may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 12} Under Crim.R. 32.1, a pre-sentence motion to withdraw a guilty plea "should be freely and liberally granted." Xie,62 Ohio St.3d at 527. While even this determination is confided to the sound discretion of the trial court and does not confer an absolute right to withdraw a guilty plea, id., paragraph one of syllabus, it is obviously a far more liberal test than the post-sentence requirement of a manifest injustice.
 {¶ 13} At the conclusion of the evidentiary hearing on Thomas' motion to withdraw his plea, after the arguments of counsel, the trial court prefaced its decision with the following:
 {¶ 14} "The standard — actually in a situation where a sentencing range is in — is agreed to as a part of a sentence takes on, at least in this court's opinion, a higher burden to set aside the plea, because it is in an agreed sentence and the sentence in the case was known at the time of the plea, which is different than other situations where the court does apply the burden of consideration set out in the case law that a plea may be freely withdrawn unless these factors exist." *Page 5 
 {¶ 15} Presumably, these factors would be the applicable factors argued by the state, set forth in State v. Fish (1995),104 Ohio App.3d 236, 240, 661 N.E.2d 788, that this court applied in State v.Sulek, Greene App. No. 2004-CA-2, 2005-Ohio-4514. These factors would include: "(1) whether the accused [was] represented by highly competent counsel; (2) whether the accused was given a full Crim.R. 11 hearing before entering the plea; (3) whether a full hearing was held on the motion [to withdraw the plea]; (4) whether the trial court gave full and fair consideration to the motion; (5) whether the motion was made within a reasonable time; (6) whether the motion sets out specific reasons for the withdrawal; (7) whether the accused understood the nature of the charges and possible penalties; and (8) whether the accused was perhaps not guilty of or had a complete defense to the charge or charges." Id. at ¶ 17. These are the factors that the state set forth to the trial court in its argument that the motion should be overruled.
 {¶ 16} In State v. Fugate, Montgomery App. No. 21574, 2007-Ohio-26, this court found that the trial court erred when it set forth and applied the more stringent post-sentence standard in determining whether to grant a motion to withdraw. In that case, like here, the plea agreement involved a sentencing range, and like here, the defendant did not know what his ultimate sentence would be at the time he moved to withdraw his plea. Unlike the situation in Fugate, however, here the court went on after announcing the more stringent standard, and applied the lesser standard applicable to a pre-sentence motion to withdraw a plea. The court stated prior to ruling, and immediately after its prior statement:
 {¶ 17} "And the court does find that the factors identified by counsel for the government do exist. Certainly adequate warnings were given to the accused. The accused acknowledged *Page 6 
and understood the sentencing range. The court is satisfied that all of the factors required-going with a — a valid plea under Rule 11 have been satisfied." There were no findings with regards to the higher "manifest injustice" standard.
 {¶ 18} While the trial court did not specifically address several of the factors, the record clearly reflects that those factors were undisputed. Thomas was represented by a highly experienced criminal defense attorney who has over forty years of experience and has tried approximately 400 criminal jury trials in his career. The trial court afforded Thomas a full hearing on his motion, and, unlike inFugate, in no way restricted what evidence he could present to the court. The motion was made within two weeks of Thomas' plea, and there was no suggestion that this was in any way unreasonable or that it caused the state any prejudice. And while the motion did not set forth specific reasons for withdrawal, Thomas was afforded a complete opportunity to set forth any matters that he felt that justified his motion, and there was no objection to this procedure by the state.
 {¶ 19} Furthermore, the record supports the trial court's determination that Thomas was afforded a full and complete Crim.R. 11 hearing prior to entering his plea and that Thomas fully understood the nature of the charges that he was facing and the potential penalties that he faced. The record is further clear that, because Thomas had confessed to some of the activity for which he was charged and because the DNA testing had come back positive, Thomas had no real defense to the charges. In fact, Thomas' counsel testified that "when the DNA came down and it matched the charge — the claims of the purported victim, I advised my client that it was preposterous to proceed to trial." Finally, the record was clear that there were pending other investigations of Thomas that involved additional victims, and that based upon this plea, those *Page 7 
additional charges would not be pursued by the state.
 {¶ 20} For those reasons, Thomas' claims of ineffective assistance of counsel and coercion are not supported by the record. Unlike inFugate, we can say that the trial court's iteration of the higher standard was harmless because the court went on to apply the lesser standard of a pre-sentence plea withdrawal. Consequently, because of the broad and liberal discretion reposed in the trial court in these matters, we cannot say that its determination to deny the motion to withdraw the plea was an abuse of discretion. The appellant's first assignment of error is overruled.
 {¶ 21} A guilty plea waives any right to appeal a ruling on a motion to suppress or any other trial court error, except for errors in the plea itself. State v. Kelley (1991), 57 Ohio St.3d 127, 566 N.E.2d 658, paragraph two of the syllabus. Because Thomas entered a plea of guilty, he has waived the right to challenge any alleged error in the trial court's disposition of the motion to suppress. The appellant's second assignment of error is overruled.
 {¶ 22} For the foregoing reasons, the judgment of the Montgomery County Common Pleas Court is hereby affirmed.
FAIN, J. and DONOVAN, J., concur.
(Hon. Sumner E. Walters retired from the Third District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1