[Cite as *State v. Carrington*, 2011-Ohio-3228.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J. |
| | Hon. Julie A. Edwards, J. |
| -vs- | |
| | Case No. 2010CA00228 |
| ANTHONY M. CARRINGTON | |
| | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Stark County Court of Common Pleas, Case No. 2009CR0134 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | June 27, 2011 |

APPEARANCES:

For Plaintiff-Appellee

For Defendant-Appellant

JOHN D. FERRERO
PROSECUTING ATTORNEY,
STARK COUNTY, OHIO

By: RONALD  MARK CALDWELL
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South – Suite 510
Canton, Ohio 44702-1413

VERNON M. INFANTINO
Schnars, Baca & Infantino, LLC
610 Market Avenue North
Canton, Ohio 44702

*Hoffman, J.*

{¶1}   Defendant-appellant Anthony M. Carrington appeals the June 3, 2010 Judgment Entry of the Stark County Court of Common Pleas denying his motion to withdraw his plea of guilty.  Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE CASE

{¶2}   On April 2, 2009, Appellant entered a plea of guilty to four counts of aggravated robbery and one count of carrying a concealed weapon.  The trial court sentenced Appellant to six years in prison on the four aggravated robbery counts to run concurrently.  On the carrying a concealed weapon charge, the trial court sentenced Appellant to eighteen months, with the term to run concurrent with the aggravated robbery count.  Appellant received the mandatory three years on the four firearm specifications which coincided with the aggravated robbery counts and which terms were imposed consecutively with the four aggravated robbery terms.  Accordingly, Appellant was sentenced to a total of eighteen years on all counts.

{¶3}   On April 19, 2010, Appellant filed a motion to withdraw his guilty plea and to vacate or void the judgment.  The trial court scheduled a hearing on the motion and a hearing to resentence Appellant with regard to post-release control.  Via Judgment Entry of May 24, 2010, the trial court denied the motion to withdraw the guilty plea, and imposed the same sentence except for modifying post-release control.  Appellant now appeals, assigning as error:

{¶4}   "I. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA AND REQUEST FOR NEW COUNSEL."

**{¶5}** Ohio Rule of Criminal Procedure 32.1 governs the withdraw of guilty pleas:

**{¶6}** "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

**{¶7}** The trial court's decision to grant or deny a motion to withdraw a guilty plea is vested within the sound discretion of the court, and will not be reversed by an appellate court unless there has been an abuse of discretion. *State v. Xie* (1992), 62 Ohio St.3d 521.

**{¶8}** Appellant cites the First District Court of Appeals decision in *State v. Fish* (1995), 104 Ohio App.3d 236, in which that court stated:

**{¶9}** "There are numerous additional factors which should be weighed in considering a motion to set aside a plea, which motion is made before sentencing, some of which are set out in *Peterseim,* as follows: (1) whether the accused is represented by highly competent counsel, (2) whether the accused was given a full Crim.R. 11 hearing before entering the plea, (3) whether a full hearing was held on the motion, and (4) whether the trial court gave full and fair consideration to the motion. We would also add: (5) whether the motion was made within a reasonable time, (6) whether the motion sets out specific reasons for the withdrawal (see *State v. Mathis* [May 30, 1990], Hamilton App. No. C-890286, unreported), (7) whether the accused understood the nature of the charges and possible penalties, and (8) whether the accused was perhaps not guilty of or had a complete defense to the charge or charges (see *State v.*

*Cloud* [1993], 91 Ohio App.3d 366, 632 N.E.2d 932). Obviously, the list is not exhaustive, and other factors will appear to trial and appellant courts depending upon the merits of each individual case."

{¶10} Appellant asserts he was not granted an opportunity to speak regarding his motion or permitted to offer expert testimony or witnesses other than himself to testify as to the effects of medication on his judgment at the time of the hearing. Appellant asserts had he been given the opportunity he would have demonstrated the effect certain drugs had on his understanding of what was going on at the time of the change of plea hearing.

{¶11} Upon review of the record, Appellant offers no evidence to support his argument the medications affected his ability to knowingly and intelligently enter his pleas of guilty. Instead, Appellant's argument is based upon speculation and assumption. Moreover, at the hearing, Appellant conceded the motion was motivated more by a change of heart and an attempt to reduce the original sentence:

{¶12} "The Court: Okay. So I guess I'm trying to understand. You're asking to withdraw your plea.

{¶13} "Besides this medication issue, are there any other claims that you're making why this plea should be withdrawn?

{¶14} "The Defendant: Yeah. I just felt that I didn't get the right punishment for a first-time felony.

{¶15} "The Court: Okay. You think I was too harsh?

{¶16} "The Defendant: Yes.

**{¶17}** "The Court: Okay, and I can understand that. I mean I can appreciate your feelings on that, but again, looking at State versus Fish, the next prong is whether a full hearing was on the motion. It appears that we did have a full hearing on it.

**{¶18}** "Whether the motion was made within a reasonable time, it seems that it has.

**{¶19}** "Then I see whether you made your motion on the specific time, and you made it almost a year after the sentence.

**{¶20}** "It seems to me that what you have more is a change of heart than really anything, isn't it?

**{¶21}** "The Defendant: Yes.

**{¶22}** "* * *

**{¶23}** "So I was hoping that you can grant my punishment a little lower so I can have another shot by doing what's right in life."

**{¶24}** Tr. at 14-15; 18.

**{¶25}** Based upon the above, we find Appellant has not demonstrated the trial court abused its discretion in denying his motion to withdraw his plea.

{¶26} The June 3, 2010 Judgment Entry of the Stark County Court of Common Pleas is affirmed.

By: Hoffman, J.

Gwin, P.J.  and

Edwards, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee             :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
ANTHONY M. CARRINGTON                  :
                                       :
    Defendant-Appellant            :          Case No. 2010CA00228


    For the reason stated in our accompanying Opinion, the June 3, 2010 Judgment

Entry of the Stark County Court of Common Pleas is affirmed.  Costs to Appellant.


s/ William B. Hoffman _____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS