[Cite as *State v. Dunbar*, 2014-Ohio-383.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99740**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# LAWRENCE DUNBAR

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-559931

**BEFORE:** Kilbane, J., Keough, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** February 6, 2014

**ATTORNEYS FOR APPELLANT**

Fernando O. Mack
323 West Lakeside Avenue
Suite 420
Cleveland, Ohio 44113

Edward F. Borkowski, Jr.
3030 Euclid Avenue
Suite 401
Cleveland, Ohio 44115

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Nathaniel Tosi
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} Defendant-appellant, Lawrence Dunbar, appeals from the order of the trial court that denied his motion to suppress. He assigns the following errors for our review:

I. The trial court erred in denying Appellant's motion to suppress because there was no reasonable suspicion to justify extending the encounter beyond the issuance of a parking citation.

II. The trial court erred in denying Appellant's motion to suppress because the search of his person was conducted without the necessary probable cause.

III. The trial court erred in denying Appellant's motion to suppress because the search of his vehicle was unsupported by probable cause, was not part of a protective sweep, and was not incident to a lawful arrest.

{¶2} We have determined that the assigned errors share a common basis in fact and in law, and therefore, we have combined them for review. Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.

{¶3} At approximately 3:00 p.m. on February 21, 2012, Cleveland police officers stopped to issue the defendant a parking citation. Upon approach, one of the officers observed the defendant with the lid to a scale and a roll of paper. During a subsequent pat-down, the officers discovered a plastic bag of heroin. On February 29, 2012, the defendant was indicted for drug trafficking in more than one gram but less than five grams of heroin, possession of more than one gram but less than five grams of heroin, and possession of criminal tools, all with forfeiture specifications.

**{¶4}** On May 24, 2012, the defendant filed a motion to suppress the evidence, arguing that the police violated the Fourth Amendment when they stopped him, searched his person, and searched his vehicle. The trial court held an evidentiary hearing on July 11, 2012.

**{¶5}** Cleveland police officers Mitchell Sheehan ("Officer Sheehan") and Christopher Mobley ("Officer Mobley") testified that on February 21, 2012, at approximately 3:00 p.m., they were patrolling in a marked Cleveland police car. They observed a black Volvo parked illegally on Hathaway Avenue. According to the officers, the vehicle was over a foot away from the curb, less than 18 inches from a driveway, and a window was opened slightly. According to Officer Sheehan, the area is a high-crime area, with a high amount of drug trafficking.

**{¶6}** The officers circled around the block, and when they returned, the car was in the same position. The officers stopped behind the defendant's car and activated their lights. As they approached the vehicle, they observed the defendant taking something from his lap and putting it into the center console. They also observed the "lid" of a small scale disguised as a cell phone cover on the defendant's lap and a roll of lottery ticket paper, an item commonly used to package heroin, in the cup holder. According to Officer Sheehan, based upon those observations, the officers asked the defendant to exit the vehicle. As Officer Mobley started to pat the defendant down for weapons, the defendant placed his hands in his pockets. The officers handcuffed the defendant for their safety because they did not believe that he was complying with their requests.

{¶7} During the pat-down, Officer Mobley found a bag of suspected heroin in the defendant's pants pocket. At that point, the officers arrested the defendant. They then searched the "lunging area" inside the vehicle. They found a scale with suspected heroin residue inside the center console.

{¶8} The defendant testified in support of the motion to suppress and stated that the vehicle was not illegally parked because the officers stopped him before he could finish parking and place the Volvo into park. He also denied that he was engaged in furtive movements of concealment, and stated instead that he was getting his driver's license and certificate of insurance as the officers approached. After he provided these documents to the officers, they removed him from the car. The defendant acknowledged that he had three cell phones on his lap. He also stated that, during the pat-down, the officers found cash totaling $1,831 in his pants pocket.[1]

{¶9} On July 12, 2012, the trial court provided the parties with its analysis of the issues raised in the suppression motion. The court made detailed findings and conclusions, spanning 12 pages of the record (tr. 113-124), and ultimately denied the motion to suppress. The defendant then pled no contest to the charges, and the trial court found him guilty. On March 21, 2013, the trial court sentenced him to 18 months of imprisonment on both of the drug charges and 12 months of imprisonment on the criminal tools count. The court ordered all three terms to be served concurrently.

---

[1]The money and cell phones are listed in the inventory of the search and are the subject of the forfeiture specifications of the indictment.

Motion to Suppress

{¶10} The defendant asserts that there was no reasonable suspicion to justify extending the encounter beyond the issuance of a parking citation, that the search of his person was conducted without probable cause, and that the search of his person was conducted without the necessary probable cause.

{¶11} In reviewing a decision on a motion to suppress, the reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. The reviewing court applies a de novo standard of review to the trial court's conclusion of law, however, and determines whether the facts satisfy the applicable legal standard. *Id.*

{¶12} With regard to the applicable legal standard, we note that in general, "searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment — subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). However, a police officer's approach and questioning of the occupant of a parked vehicle does not constitute a seizure and, therefore, does not require a reasonable, articulable suspicion of criminal activity. *State v. Lynch*, 196 Ohio App.3d 420, 2011-Ohio-5502, 963 N.E.2d 890 (8th Dist.); *State v. Boys*, 128 Ohio App.3d 640, 642, 716 N.E.2d 273 (1st Dist.1998). The officer is permitted to ask preliminary questions that are "reasonably related in scope to the

circumstances which justified the [stop]." *State v. Carlson*, 102 Ohio App.3d 585, 596-597, 657 N.E.2d 591 (9th Dist.1995). In addition, once a motor vehicle has been lawfully detained for a traffic violation, the police officers may order the driver to get out of the vehicle. *See Pennsylvania v. Mimms*, 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977); *State v. Hoskins*, 8th Dist. Cuyahoga No. 80384, 2002-Ohio-3451, ¶ 14; *State v. Travis*, 8th Dist. Cuyahoga No. 98420, 2013-Ohio-581, ¶ 14. However, the scope of a detention "must be carefully tailored to its underlying justification * * * and last no longer than is necessary to effectuate the purpose of the stop." *Florida v. Royer*, 460 U.S. 491, 500, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983).

{¶13} Further, when a law enforcement officer, during a valid investigative stop, ascertains reasonably articulable facts giving rise to a suspicion of criminal activity, the officer may then further detain and implement a more in-depth investigation of the individual. *State v. Robinette*, 80 Ohio St.3d 234, 1997-Ohio-343, 685 N.E.2d 762. *Accord State v. Dieckhoner*, 8th Dist. Cuyahoga No. 96694, 2012-Ohio-805, ¶ 15. "Once a lawful stop has been made, the police may conduct a limited protective search for concealed weapons if the officers reasonably believe that the suspect may be armed or a danger to the officers or to others." *State v. Lawson,* 180 Ohio App.3d 516, 2009-Ohio-62, 906 N.E.2d 443, ¶ 21 (2d Dist.). "The purpose of this limited search is not to discover evidence of crime, but to allow the officer to pursue his investigation without fear of violence." *State v. Evans*, 67 Ohio St.3d 405, 422, 1993-Ohio-186, 618 N.E.2d 162, citing *Terry*, 392 U.S. 1, 24, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). To

justify a pat-down, "the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry* at 27. In addition, as stated in *State v. Bales*, 2d Dist. Montgomery No. 24897, 2012-Ohio-4968:

> It is well recognized that the need for a protective pat-down becomes more urgent where drugs are involved. "The very nexus between drugs and guns can create a reasonable suspicion of danger to the officer." *State v. Thompson*, 1st Dist. Hamilton No. C-050400, 2006-Ohio-4285, ¶ 11. Further, "[r]ecognizing the prevalence of weapons in places where illegal drugs are sold and used * * * an officer's fear of violence when investigating drug activity is a legitimate concern that will justify a pat-down search for weapons." *State v. Oatis*, 12th Dist. Butler No. CA2005-03-074, 2005-Ohio-6038, ¶ 23, citing *State v. Taylor*, 82 Ohio App.3d 434, 612 N.E.2d 728 (2d Dist.1992).

{¶14} Moreover, police may seize non-threatening contraband detected through the sense of touch during a protective pat-down search of the sort permitted in *Terry*, so long as the search stays within the bounds marked by *Terry*. *Minnesota v. Dickerson*, 508 U.S. 366, 124 L.Ed.2d 334, 113 S.Ct. 2130 (1993). The identity of the contraband, however, must be immediately apparent to the searching officer. *Id. See also State v. Cloud*, 91 Ohio App.3d 366, 370, 632 N.E.2d 932 (8th Dist.1993).

{¶15} Finally, police may search a vehicle incident to a recent occupant's arrest where the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest. *Arizona v. Gant*, 556 U.S. 332, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009). *Accord State v. Grubb*, 186 Ohio App.3d 744, 2010-Ohio-1265, 930 N.E.2d 380, ¶ 12 (3d Dist.).

**{¶16}** In this matter, the trial court concluded:

There was testimony in this case by Officers Sheehan and Mobley establishing, one, their knowledge and experience in drug-related arrests and methods and operations and tools used by persons involved in the drug trade; two, their familiarity with the neighborhood where defendant was arrested, and Hathaway Avenue in particular as a high-crime area, with many citizen complaints about drug activities; three, furtive movements by the defendant as officers approached his vehicle; four, the presence of items associated with drug trafficking activities in plain view in defendant's vehicle, to wit: the top of a digital scale used to measure out quantities of drugs for sale, and a roll of paper described as lottery tickets, which are used to package heroin, a drug whose usage, officers are aware, is on the rise in the City of Cleveland; and five, defendant's continued movement of placing his hands in or around his pockets, which could be construed as an attempt to reach for a weapon or to conceal discovery of contraband.
Based on officers' testimony, there would be reasonable suspicion that the

defendant was involved in a violation of state drug law; and their actions

are consistent with that understanding.

**{¶17}** After reviewing the record, we conclude that it provides competent and credible evidence to support these findings. The record demonstrates that the officers observed the parking violation and this served as a lawful basis to stop the vehicle. The officers also testified that they observed furtive movements of concealment as they approached the vehicle. On closer approach, the officers observed in plain view the lid to a scale, an item that is listed as drug paraphernalia pursuant to R.C. 2925.14, and lottery paper, an item used in heroin trafficking. Based upon the totality of the circumstances, the officers had reasonable suspicion, based on specific, articulable facts, to justify the *Terry* pat-down of the defendant, resulting in Officer Mobley's discovery of the heroin in defendant's pocket. In addition, the console was within defendant's

reaching distance and, after the officers found heroin and money on defendant's person, it was reasonable to believe that it contained evidence of drug trafficking.

{¶18} Moreover, the defendant asserted that the officers' description of events simply did not happen and that immediately as they approached him, they asked him to step out of the car, patted him down, and searched his car. The trial court, however, did not find this version of events to be credible. The court noted that the defendant admitted that he was sitting in his vehicle, the vehicle was illegally parked, and he was moving about as the officers approached. The court determined that the defendant's testimony differed from the police at the "exact critical points which, if deemed credible, would undermine the state's case on this suppression issue," and that his testimony was less credible than that offered by the police. As a reviewing court, we defer to the trial court's credibility determinations. The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact, who observed the witness in person. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967).

{¶19} In accordance with all of the foregoing, the trial court's findings are supported by competent, credible evidence. In addition, following our de novo review of the trial court's conclusions of law, we conclude that the court's findings satisfy the applicable legal standard. The assignments of error are without merit.

{¶20} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
EILEEN T. GALLAGHER, J., CONCUR