JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Cordell Hubbard appeals the denial of his motion to suppress evidence and his resulting convictions. For the reasons that follow, we affirm.
 {¶ 2} Defendant was indicted for carrying a concealed weapon, drug trafficking with a firearm specification, possession of drugs with a firearm specification, having a weapon while under disability, and possession of criminal tools.
 {¶ 3} The court conducted a hearing on defendant's motion to suppress evidence. The arresting officer testified to the following: On April 19, 2003, a vehicle registered and driven by defendant sped by police, going 15 miles over the posted limit. Defendant was pulled over. There were three occupants in the car. The officer smelled marijuana in the vehicle. The occupants of the vehicle, including defendant, denied the presence of marijuana.
 {¶ 4} Defendant was removed from the vehicle and handcuffed for safety reasons as the officer searched the car. A gun was discovered under the driver's seat and some marijuana was found in the back of the car. Defendant was arrested and his car was impounded, where more marijuana was recovered from the trunk during the inventory procedure.
 {¶ 5} Defendant testified that the officers never asked for his license or registration. Defendant's girlfriend was not permitted to drive the car away from the scene.
 {¶ 6} The court denied defendant's motion to suppress, from which defendant appeals. We will address defendant's three assignments of error out of order and together where it is appropriate for discussion.
 {¶ 7} "III. The trial court erred when it denied the appellant's motion to suppress when the police had unjustifiably impounded his vehicle and conducted an illegal inventory search."
 {¶ 8} The Ohio Supreme Court has held that "the smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to search a motor vehicle, pursuant to the automobile exception to the warrant requirement. There need be no tangible evidence to justify a warrantless search of a vehicle." State v. Moore (2000), 90 Ohio St.3d 47,48.
 {¶ 9} In this case, the officers stopped defendant's vehicle for speeding. The officer smelled a strong odor of marijuana in the car. The officer testified that he is a person qualified to recognize the odor of marijuana, which defendant does not dispute. Accordingly, the officers possessed probable cause to search the motor vehicle, including the trunk, from the time that he smelled the marijuana. The fact that the vehicle was towed and inventoried is irrelevant since the officer would have inevitably found the marijuana in the trunk upon a lawful warrantless search of the vehicle.
 {¶ 10} Assignment of Error III is overruled.
 {¶ 11} "I. The trial court erred when it denied the appellant's motion to suppress evidence when it was clear that the police arrested the appellant without probable cause.
 {¶ 12} "II. The appellant's Fourth Amendment rights were violated when the police officer herein involved conducted a pat-down search, although he had no objectively based reason to suspect that the appellant was armed and dangerous."
 {¶ 13} When considering a motion to suppress, the trial court assumes the role of trier-of-fact and is in the best position to resolve factual questions and evaluate the credibility of a witness. State v. Kobi (1997), 122 Ohio App.3d 160. An appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Id. Accepting the facts as found by the trial court as true, the appellate court must then independently determine, as a matter of law, without deferring to the trial court's conclusions, whether the facts meet the applicable legal standard. Id.
 {¶ 14} The United States Supreme Court has held that an officer may briefly detain an individual for investigative purposes if the individual is engaging in unusual behavior. This is true even if there is not probable cause to support an arrest, so long as the officer believes that criminal activity has recently occurred or is about to occur. Terry v. Ohio (1968),392 U.S. 1. To justify this detention, the officer must be able to "point to specific and articulable facts which, taken together with rational inferences with those facts, reasonably warrant that intrusion." Id. at 21.
 {¶ 15} During a Terry stop, an officer may perform a "pat-down" search for weapons. The purpose of this limited search is to allow an officer to pursue his or her investigation without fear of violence; it is not intended to provide the officer with an opportunity to ascertain evidence of a crime. State v. Evans
(1993), 67 Ohio St.3d 405, 408.
 {¶ 16} "`Terry does recognize that the police are entitled to take reasonable measures to ensure their own safety, including handcuffing should the situation warrant it.' * * * citing Statev. Boykins (Oct. 29, 1999), 1st Dist. No. C-990101, * * *. See, also, State v. White, 2nd Dist. No. 18731, 2002-Ohio-262;State v. Whitfield (Nov. 1, 2000), 7th Dist. No. 99 CA 111, 2000-Ohio-2596 (stating that handcuffing does not automatically convert a stop into an arrest). The facts and circumstances must warrant the use of handcuffs; without an element of risk, the `officer safety' rationale will not apply." State v. Mills,
Medina App. Nos. 02CA0037-M and 02CA0038-M, 2002-Ohio-7323, P11.
 {¶ 17} Handcuffing and other means of detention are reasonable as long as the restraint was temporary, lasted no longer than was necessary to effectuate the purpose of the stop, and the methods employed were the least intrusive means reasonably available to verify the officers' suspicions in a short period of time. Handcuffing and other means of detention may also be used to prevent flight. State v. Pickett (Aug. 3, 2000), Cuyahoga App. No. 76295, citing Glenna, 878 F.2d at 972.
 {¶ 18} Defendant does not deny that he was speeding when the officer stopped his vehicle. Once he approached the car, the officer smelled a strong odor of marijuana, which gave him probable cause to search the vehicle. The officer articulated his concern for his safety because he and his partner were outnumbered by the occupants of the vehicle. It was late at night and the other people standing outside the bar in the area made him feel unsafe. Despite the officer's questions, the occupants flatly denied the presence of marijuana in the car. The officer did not consider defendant under arrest until he found the firearm.
 {¶ 19} We find that the officer's use of handcuffs to secure his safety or his limited pat-down search of the defendant were not unreasonable under the totality of the circumstances.
 {¶ 20} Assignments of Error I and II are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, J., Concurs.
 McMonagle, J., Concurs in Judgment only.