[Cite as *State v. Shepard*, 2011-Ohio-2525.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 95433

---

## STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

## GARY SHEPARD

### DEFENDANT-APPELLANT

---

### JUDGMENT:
### AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas

Case No. CR-531451

**BEFORE:** S. Gallagher, J., Cooney, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** May 26, 2011

**ATTORNEY FOR APPELLANT**

Timothy R. Sterkel
1414 South Green Road
Suite 310
Cleveland, OH 44121


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:     Tiffany Hill
        T. Allan Regas
Assistant Prosecuting Attorneys
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113

SEAN C. GALLAGHER, J.:

{¶ 1} Appellant Gary Shepard ("Shepard") appeals his conviction in Cuyahoga County Common Pleas Court Case No. CR-531451 of one count of drug trafficking with a forfeiture specification. For the following reasons, we affirm.

{¶ 2} On December 15, 2009, Shepard was indicted on eight counts centered on drug possession and trafficking. Each count included forfeiture and schoolyard specifications. Shepard entered a plea deal with the state that amended Count 1 of the indictment by removing the schoolyard specification, resulting in a charge of drug trafficking with a forfeiture specification, a felony of the second degree. The state agreed to nolle the remaining seven counts. Count 1 as amended carried a mandatory sentence of two years of incarceration, as opposed to a mandatory three-year sentence before the amendment. The trial court did not specifically acknowledge the amendment on the record during the plea colloquy, but took the plea under the terms as outlined above. Thus, Shepard pleaded guilty to drug trafficking with a forfeiture specification and was sentenced to a two-year term of incarceration. He forfeited $6,111 and a cell phone.

{¶ 3} Shepard raises three assignments of error, which we will address in turn. Shepard's first assignment of error is as follows: "The trial court committed reversible error when it accepted appellant's guilty plea to count one of the indictment." More specifically, Shepard claims the trial court erred by not accepting the proposed amendment to the indictment on the record and then accepting his plea to "count one of the indictment." Such

error meant that he did not enter the plea knowingly, intelligently, or voluntarily. His first assignment of error is not well taken for the following reasons.

{¶ 4} We review de novo the trial court's acceptance of a plea. *State v. Sample*, Cuyahoga App. No. 81357, 2003-Ohio-2756. "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 1996-Ohio-179, 660 N.E.2d 450. Under Crim.R. 11(C)(2), before accepting a guilty plea in a felony case, a trial court must determine whether the defendant is making the plea voluntarily and with an understanding of the nature of the charges.

{¶ 5} The standard of review for determining whether a plea was knowing, intelligent, and voluntary within the meaning of Crim.R. 11 for non-constitutional issues is substantial compliance. *State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 479, citing *State v. Stewart* (1977), 51 Ohio St.2d 86, 92-93, 364 N.E.2d 1163. "A plea is in substantial compliance with Crim.R. 11 when it can be inferred from the totality of the circumstances that the defendant understands the charges against him." *State v. Walker* (Sept. 29, 1994), Cuyahoga App. No. 65794, citing *State v. Rainey* (1982), 3 Ohio App.3d 441, 446 N.E.2d 188, at paragraph one of the syllabus. "Substantial compliance means that under the totality of circumstances the defendant subjectively understands the implications of his plea and the

rights he is waiving." *Stewart*, 51 Ohio St.2d at 93. Furthermore, a defendant must show a prejudicial effect, or, in other words, whether the plea would have otherwise been made. Id.

{¶ 6} In the current case, Shepard agreed to plead to an amended Count 1. The amendment deleted the schoolyard specification and left the remaining drug trafficking charge with the forfeiture specification as indicted. This lowered the charge to a felony of the second degree from a felony of the first degree. During the plea colloquy, the trial court did not specifically or formally "accept" the amendment. Nevertheless, in reciting the charge being plead to, the court correctly eliminated the schoolyard specification and stated the charge was a felony of the second degree. Moreover, the June 21, 2010 sentencing entry correctly reflected the amendment of Count 1. Although the court failed to formally accept the amendment during the colloquy, the court recited everyone's understanding of the amendment. The trial court substantially complied with the Crim.R. 11 and due process requirements. Furthermore, not only did Shepard understand the implications, he received the benefit of the deal. He received two years of mandatory time rather than the three years he would have received under the original indictment, and the state also nolled the other seven counts. Shepard's first assignment of error is overruled.

{¶ 7} Shepard's second assignment of error is as follows: "The trial court committed error when it imposed a fine against appellant." Shepard argues that because he was found indigent at his arraignment and his trial counsel orally moved to suspend the fine at

sentencing, the trial court erred by imposing a fine. Shepard's second assignment of error is not well taken for the following reason.

{¶ 8} R.C. 2929.18(B)(1) provides in pertinent part: "If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender." Therefore, if an affidavit of indigency is filed prior to sentencing, the trial court must make a determination whether the defendant is indigent and unable to pay the fine. The term "prior to sentencing" means "the affidavit must be delivered to the clerk of court for purposes of filing and must be indorsed by the clerk of court, *i.e.*, time-stamped, prior to the filing of the journal entry reflecting the trial court's sentencing decision." *State v. Gipson* (1998), 80 Ohio St.3d 626, 1998-Ohio-659, 687 N.E.2d 750, paragraph one of the syllabus.

{¶ 9} The statute does not wholesale prohibit the court from imposing a fine. Rather it requires the defendant to establish the inability to pay the fine once the affidavit of indigency is filed. Id. The required filing of an affidavit of indigency for purposes of avoiding a mandatory fine is, in effect, a jurisdictional issue. According to the statute, the trial court must impose a mandatory fine unless the affidavit is timely filed. Id.; see R.C. 2929.18(B)(1).

{¶ 10} In the current case, Shepard filed an affidavit of indigency attached to a motion for reconsideration on June 18, 2010, three days prior to the sentencing entry being journalized. Neither party addressed this in their briefs. Shepard's only argument on appeal is that since he is indigent, the court erred by automatically imposing the fine. The Ohio Supreme Court explained in *Gipson* that "an offender who files an affidavit alleging that he or she is indigent and is unable to pay a mandatory fine is not automatically entitled to a waiver of that fine." *Gipson*, 80 Ohio St.3d at 634. Shepard held a full-time job with one company for the three years preceding his indictment. As in *Gipson*, the trial court did not abuse its discretion when it imposed the mandatory fine and was free to believe Shepard could repay it after his release from prison because of his prior work history. Shepard's second assignment of error is overruled.

{¶ 11} Shepard's third assignment of error is as follows: "Appellant was denied his right to effective assistance of trial counsel guaranteed by the Sixth Amendment to the United States Constitution and Article 10, Section I of the Ohio Constitution." Shepard claims his trial counsel was ineffective by allowing Shepard to plead to Count 1 as indicted instead of as amended and by failing to file the affidavit of indigency pursuant to R.C. 2929.18(B)(1). Each point will be discussed in turn. His third assignment of error is not well taken.

{¶ 12} In order to substantiate a claim of ineffective assistance of counsel, the appellant must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defendant so as to deprive

him of a fair trial. *State v. Trimble*, 122 Ohio St.3d 297, 2009-Ohio-2961, 911 N.E.2d 242,¶ 98, citing *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. Judicial scrutiny of defense counsel's performance must be highly deferential. *Strickland*, 104 S.Ct. at 2065. In Ohio, there is a presumption that a properly licensed attorney is competent. *State v. Calhoun*, 86 Ohio St.3d 279, 1999-Ohio-102, 714 N.E.2d 905. The defendant has the burden of proving his counsel rendered ineffective assistance. *State v. Perez*, 124 Ohio St.3d 122, 2009-Ohio-6179, 920 N.E.2d 104, ¶ 223.

**{¶ 13}** In the current case, Shepard first argues that his trial counsel rendered ineffective assistance by allowing Shepard to plead to Count 1 as indicted rather than as amended. Even if we assume that Shepard's trial counsel was deficient for failing to perfect the record, Shepard suffered no prejudice from this minor oversight. He received the benefit of the deal he brokered with the state, and the sentencing entry correctly reflected that he pleaded to Count 1 as amended. The schoolyard specification was deleted, and both the entry and the transcript from the plea colloquy properly reflect he pleaded to a felony of the second degree.

**{¶ 14}** Shepard next argues that the trial counsel's failure to file the affidavit of indigency prior to the sentencing hearing deprived him of the right to seek suspension of the fine based on his inability to pay. The failure

to file an affidavit alleging a defendant's indigency and inability to pay a mandatory fine constitutes ineffective assistance of counsel only when the record shows a reasonable probability that the trial court would have found the defendant indigent and unable to pay the fine had the affidavit been filed.

*State v. Huffman* (Jan. 26, 1995), Cuyahoga App. No. 63938.

{¶ 15} The Ohio Supreme Court stated that timely filing means "the affidavit must be delivered to the clerk of court for purposes of filing and must be indorsed by the clerk of court, *i.e.*, time-stamped, prior to the filing of the journal entry reflecting the trial court's sentencing decision." *Gipson*, 80 Ohio St.3d at paragraph one of the syllabus. Although not addressed by either party, on June 18, 2010, Shepard filed a motion to reconsider the mandatory fine that included the affidavit of indigency. The trial court's sentencing entry was not journalized until June 21, 2010. Shepard's trial counsel therefore complied with the mandate of R.C. 2929.18(B)(1), and the third assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

COLLEEN CONWAY COONEY, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR