[Cite as *State v. Kimmie*, 2013-Ohio-2906.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98979**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# EDWARD KIMMIE

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED IN PART AND REVERSED IN PART

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-348645 and CR-349507

**BEFORE:** Jones, J., Stewart, A.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** July 3, 2013

**ATTORNEY FOR APPELLANT**

Kevin P. Shannon
75 Public Square
Suite 700
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: James M. Price
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

**{¶1}** Defendant-appellant, Edward Kimmie, appeals from the trial court's July 2012 judgment entry imposing postrelease control (Cuyahoga C.P. No. CR-349507) and its September 2012 nunc pro tunc judgment entry (Cuyahoga C.P. No. CR-348645), in which the court corrected its 1997 sentencing judgment entry. We affirm in part and reverse in part.

## I. Procedural History

**{¶2}** In 1997, Kimmie was sentenced on two separate cases, CR-349507 and CR-348645. The same trial court judge presided over the proceedings in both cases. In CR-349507, Kimmie was sentenced in June 1997 to eight years on Count 1, burglary, and one year on Count 2, possession of criminal tools ("burglary case"). The sentences were ordered to be served concurrently for a total eight-year sentence.

**{¶3}** In CR-348645, Kimmie was sentenced in September 1997 to ten years on four counts of rape and one count of kidnapping, to be served concurrently; five years on one count of intimidation, to be served concurrently with the ten-year sentence on the rapes and kidnapping; and five years on tampering with evidence, to be served consecutively to the other sentences, for a total 15-year sentence ("rape case").

**{¶4}** The judgment entry from the 15-year sentence in the rape case stated that the "sentence in this case to be served consecutively to sentence imposed in CR- 223382 now being served." It is undisputed that CR-223382 referenced in the sentencing entry was not a case in which Kimmie was a defendant.

**{¶5}** At the sentencing for the rape case, the trial court stated the following relative to making the sentence consecutive to another case:

> I think it was two months ago, Mr. Kimmie, that you stood before me for sentencing with regard to your other case. At that time I had an opportunity to review your prior record * * *. Also by operation of law this sentence is going to be consecutive with any other sentence that you have been ordered to serve and I think the citizens of the State of Ohio would be well served in having you warehoused and away from them as long as possible.

**{¶6}** Kimmie appealed both cases. The judgment in the rape case was affirmed in toto. *State v. Kimmie*, 8th Dist. No. 73405, 1999 Ohio App. LEXIS 1827 (Apr. 22, 1999). The judgment of conviction for the burglary case was affirmed, but the case was remanded for resentencing because the trial court did not comply with the then-required statutory analysis. *State v. Kimmie*, 8th Dist. No. 72904, 1998 Ohio App. LEXIS 3049 (July 2, 1998). On remand, Kimmie was resentenced to eight years; the judgment was affirmed by this court. *State v. Kimmie*, 8th Dist. No. 75231, 1999 Ohio App. LEXIS 5694 (Dec. 2, 1999).

**{¶7}** In July 2012, Kimmie was "resentenced" in both cases to include postrelease control. In August 2012, the state filed a "motion to correct judgment entry, nunc pro tunc" in the rape case. In September 2012, the trial court granted the motion, stating: "Clerical mistake was made in original judgment entry running this case consecutive to Case # 223382. Entry should read as follows: Sentence in this case (CR-97-348645) to be served consecutively to sentence imposed in CR-97-349507-ZA, now being served."

**{¶8}** Kimmie raises the following assignments of error for our review:

I. The court erred in amending Appellant's sentencing order by *nunc pro tunc* entry.

II. The court erred in issuing the *nunc pro tunc* entry outside of Appellant's presence.

III. The court erred in sentencing Appellant to post release [sic] control on an expired sentence.

## II. Law and Analysis

{¶9} For ease of discussion, we consider the assignments of error out of order. For his third assigned error, Kimmie contends that the trial court's July 2012 order sentencing him to postrelease control in the burglary case was invalid because at the time of the order he had already served his eight-year sentence in that case. The state concedes the assignment of error and we agree with the parties.

{¶10} It is well-settled that once the sentence for the offense that carries postrelease control has been served, the court can no longer correct postrelease control sentencing errors by resentencing. *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 18; *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 18. Thus, because Kimmie had already completed his sentence, he could not be "subjected to another sentencing hearing to correct the trial court's flawed imposition of postrelease control." *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 70, citing *Bezak* at *id.* and *Simpkins* at the syllabus; *State v. Peterson*, 8th Dist. No. 96958, 2012-Ohio-87; *State v. Stallings*, 8th Dist. No. 97480, 2012-Ohio-2925; *State v. Cobb*, 8th Dist. No. 93404, 2010-Ohio-5118.

{¶11} In light of the above, the third assignment of error is sustained.

{¶12} In the first and second assignments of error, Kimmie challenges the trial court's nunc pro tunc order making the 15-year sentence in the rape case consecutive to the eight-year sentence in the burglary case, and doing so without his being present.

{¶13} Crim.R. 36 allows for corrections in criminal cases as follows: "Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time."

{¶14} A nunc pro tunc entry may be used to correct a sentencing order, as long as the nunc pro tunc entry reflects what the court actually did and is not an attempt to modify the court's judgment. *State v. Breedlove*, 46 Ohio App.3d 78, 546 N.E.2d 420 (1st Dist.1988); *State v. Greulich*, 61 Ohio App.3d 22, 572 N.E.2d 132 (9th Dist.1988); *State v. Trapp*, 52 Ohio App.2d 189, 368 N.E.2d 1278 (1st Dist.1977).

{¶15} Kimmie contends that it is not clear that the trial court originally intended that the sentences on the two cases were to run consecutively.[1] He contends that although the trial court specifically stated which counts in the rape case would run consecutively, it merely said that "by operation of law" the total sentence for the rape case would run consecutive to "any other sentence you have been ordered to serve." We disagree with Kimmie's contention.

{¶16} The court's comments at sentencing and judgment entry evidence that the court intended the 15-year sentence on the rape case to be served consecutive to the

---

[1]The original trial judge was no longer on the common pleas court and, thus, another judge issued the entries at issue here.

eight-year sentence on the burglary case. Specifically, the court's judgment in the rape case reads that "sentence in this case to be served consecutively to sentence imposed in CR-223382 now being served." The trial judge, who was the same judge for both cases, had two months earlier sentenced Kimmie on the burglary case and, thus, was aware that he was serving a sentence on another case at the time he was sentenced for the rape case. The court's judgment, however, merely did not list the correct case number for the burglary case. But it did state that it intended the two cases to run consecutively.

{¶17} Although the court's language that the sentence was going to run consecutive "by operation of law"[2] does not sway our analysis, the rest of the court's comments do. The court specifically stated, both at the sentencing hearing and in its sentencing judgment entry, that the sentence in the rape case was to run consecutive to the sentence in another case. Further, the court found it was in the public's best interest that Kimmie be "warehoused and away from them as long as possible."

{¶18} In light of the above, the trial court's intent to sentence Kimmie to consecutive terms on the rape and burglary cases is manifest from the record.

{¶19} Kimmie next contends that the doctrine of res judicata should have barred the state from obtaining a nunc pro tunc entry. Under the doctrine, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous

---

[2]There was, and still is, no "operation of law" that functioned to make a sentence consecutive to a sentence a defendant was serving on a prior case.

action." *Grava v. Parkman Twp.,* 73 Ohio St.3d 379, 382, 1995-Ohio-331, 653 N.E.2d 226.

{¶20} The nunc pro tunc entry was not a "subsequent action[ ] based upon [a] claim arising out of the transaction or occurrence" of the rape case. Rather, the entry conformed to the purpose of a nunc pro tunc entry, which is "restricted to placing upon the record evidence of judicial action which has been actually taken" and "it can be exercised only to supply omissions in the exercise of functions that are clerical merely." *Jacks v. Adamson*, 56 Ohio St. 397, 402, 47 N.E. 48 (1897). "The function of nunc pro tunc is not to change modify, or correct erroneous judgments, but merely to have the record speak the truth." *Ruby v. Wolf*, 39 Ohio App. 144, 147, 177 N.E. 240 (8th Dist.1931); *Dentsply Internatl., Inc. v. Kostas*, 26 Ohio App.3d 116, 118, 498 N.E.2d 1079 (8th Dist.1985).

{¶21} In light of the above, the nunc pro tunc entry was not barred under the doctrine of res judicata.

{¶22} Kimmie further contends that the nunc pro tunc entry violates his due process rights because it interferes with his expectation in the finality of the proceedings. We are not persuaded. Kimmie was advised at sentencing on the rape case that the sentence was being ordered consecutive to the burglary case. He was also advised through the court's sentencing judgment entry, albeit listing the wrong case number. On this record, Kimmie's due process rights were not violated.

{¶23} Kimmie next contends that the court could not enter its nunc pro tunc entry

without his being present. We disagree. Crim.R. 43(A) requires that a criminal defendant be present for sentencing. "'When a sentence pronounced in open court is subsequently modified and the judgment entry reflects the modification, the modification must have been made in the defendant's presence.'" *State v. Hodges*, 1st Dist. No. C-990516, 2001 Ohio App. LEXIS 2729, *4 (June 22, 2001), quoting *State v. Carpenter*, 1st Dist. No. C-950889, 1996 Ohio App. LEXIS 4434 (Oct. 9, 1996). For the reasons already stated, the trial court did not modify Kimmie's sentence; rather, it corrected its judgment to reflect what transpired at the sentencing hearing.

{¶24} Finally, Kimmie contends that the nunc pro tunc entry was improper because when the trial court issued the entry in September 2012, Kimmie had already finished his eight-year sentence for the case that the trial court was trying to run consecutive to the case he was still (but nearing completion) serving. Thus, according to Kimmie, the trial court ordered his sentence be served consecutive to an already served sentence.

{¶25} But nunc pro tunc entries date back to the date of the original entry. *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, 943 N.E.2d 1010, ¶ 15. The record is clear that when the trial court sentenced Kimmie on the rape case in 1997, it intended the sentence to be served consecutive to the sentence in the burglary case. We are, therefore, not persuaded by Kimmie's contention.

{¶26} In the postrelease control line of cases, the corrections are generally made to impose greater restraints on a defendant's liberties than what he was originally informed. Here, however, the restraint on Kimmie was always the same: he would have to serve a

combined total of 23 years for the crimes committed in the rape and burglary cases. Correcting the clerical mistake by changing the case number in the original judgment did not subject Kimmie to any additional time in 2012 than he faced in 1997.

**{¶27}** In light of the above, the first and second assignments of error are overruled.

**{¶28}** Judgment affirmed in part and reversed in part. The trial court's judgment is affirmed as it relates to the nunc pro tunc order. The trial court's judgment is reversed as it relates to the imposition of postrelease control sanctions in the burglary case, Case No. CR-349507.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., JUDGE

MELODY J. STEWART, A.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR