[Cite as *State v. Mackey*, 2013-Ohio-4698.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 99390

---

## STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

## RYAN MACKEY

### DEFENDANT-APPELLANT

---

### JUDGMENT:
### AFFIRMED IN PART; REVERSED IN PART
### AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-560185

**BEFORE:** Keough, J., Stewart, A.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** October 24, 2013

**ATTORNEYS FOR APPELLANT**

Donald Gallick
The Law Office of Donald Gallick, L.L.C.
190 North Union Street, #102
Akron, Ohio 44304

Ashley L. Jones
75 Public Square
Suite 714
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: William Leland
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendant-appellant, Ryan Mackey, appeals from the trial court's judgment, rendered after a guilty plea, finding him guilty of multiple counts of drug trafficking and sentencing him to a total of three years incarceration and $15,000 in fines.

## I. Background

{¶2} Mackey and four codefendants were charged with multiple counts of drug trafficking, drug possession, and possession of criminal tools. Mackey eventually pled guilty to Count 1, drug trafficking in violation of R.C. 2925.03(A)(1), a fifth-degree felony; Counts 3, 6, 12, and 15, drug trafficking in violation of R.C. 2925.03(A)(1), third-degree felonies; and Count 9, drug trafficking with a schoolyard specification in violation of R.C. 2925.03(A)(1) and 2925.01(P), a second-degree felony. Each count included forfeiture specifications. The remaining counts were dismissed.

{¶3} The trial court[1] subsequently sentenced Mackey to six months incarceration on Count 1; twenty-four months each on Counts 3, 6, 12, and 15; and three years each on Counts 9 and 18.[2] The court ordered the sentences to be served concurrently. The court also sentenced Mackey to mandatory minimum fines of $7,500 on Counts 9 and 18, for a total of $15,000 in fines.

---

[1]One judge took the plea; another judge sentenced Mackey.

[2]Although the trial court sentenced Mackey on Count 18, drug trafficking in violation of R.C. 2925.03(A)(1), a second-degree felony, the transcript of the plea colloquy reflects that the trial court, apparently inadvertently, did not ask Mackey for a plea on this count and thus no valid guilty plea was entered on Count 18.

## II.  Analysis

**{¶4}**  Mackey argues that the trial court did not comply with Crim.R. 11 when accepting his guilty pleas and, therefore, that his pleas should be vacated.  Specifically, in his first assignment of error, he argues that the trial court did not advise him of the mandatory minimum fine relating to Counts 9 and 18.  In his second assignment of error, he asserts that the multi-defendant plea hearing, at which the judge took pleas from Mackey and three codefendants, each with his own attorney, did not provide for a "meaningful dialogue" between him and the court sufficient to comply with Crim.R. 11. Mackey's arguments are without merit.

**{¶5}**  Under Crim.R. 11(C)(2), before accepting a guilty plea in a felony matter, a trial court must personally address the defendant and (1) determine that the defendant is making the plea voluntarily, with an understanding of the nature of the charges, and the maximum penalty; (2) inform the defendant of and determine that the defendant understands the effect of the plea, and that the court may proceed with judgment after accepting the plea; and (3) inform the defendant and determine that the defendant understands that he is waiving his constitutional rights to a jury trial, to confront the witnesses against him, to call witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial where the defendant cannot be forced to testify against himself.

**{¶6}**  A trial court must strictly comply with the dictates of Crim.R. 11(C)(2) regarding the waiver of constitutional rights, meaning the court must actually inform the

defendant of the constitutional rights he is waiving and make sure the defendant understands them. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 27. With respect to the other requirements of Crim.R. 11(C)(2) regarding nonconstitutional rights, reviewing courts consider whether the trial court substantially complied with Crim.R. 11(C)(2). Substantial compliance means that under the totality of the circumstances, the defendant subjectively understood the implications of his plea and the rights he was waiving. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

**{¶7}** Mackey contends that the trial court never advised him at the plea colloquy of the mandatory fine, and that the judge only mentioned the fine in passing when she asked another defendant about his plea on a second-degree felony drug trafficking count, and the prosecutor interjected that "I was going to indicate to the court as relates to defendant Comb and defendant Mackey, those felonies of the second degree carry a mandatory minimum fine of $7,500, half of the $15,000." The judge asked Comb if he understood and then stated, "It's a mandatory $7,500 fine on Mr. Mackey, right?" Mackey contends that the judge never personally informed him of the potential mandatory fine.

**{¶8}** The record, however, reflects that when the trial judge was explaining the possible penalties for each count to Mackey, she specifically told him that Count 9 was punishable by "anywhere from two to eight years in prison and a fine of up to $15,000." When the judge asked Mackey if he understood, Mackey responded affirmatively.

Similarly, with respect to Count 18, the trial judge told Mackey that Count 18 "carries a mandatory term of imprisonment of anywhere from two to eight years and a fine of up to $15,000." When asked if he understood, Mackey responded, "I understand, your Honor." Thus, although the judge did not tell Mackey that the mandatory minimum fine on each count was $7,500, she advised him, as required by Crim.R. 11(C)(2)(a), of "the maximum penalty involved" on each count. Although it may have been preferable for the judge to have advised Mackey of the mandatory minimum fine, nothing in Crim.R. 11 requires the trial court to advise the defendant of the minimum sentence. *State v. Miller*, 10th Dist. Franklin No. 96APA11-1615, 1997 Ohio App. LEXIS 2858 (June 30, 1997). In light of Mackey's statements that he understood the trial court's explanation of the maximum possible penalties associated with each count, we find substantial compliance.

{¶9} Moreover, a defendant must show prejudice before a plea will be vacated for a trial court's error involving Crim.R. 11(C) procedure when nonconstitutional aspects of the colloquy are at issue. *Veney* at ¶ 14-17. The test for prejudice is whether the plea would have otherwise been made. *Id.* at ¶ 15.

{¶10} Mackey does not assert that he would not have pled guilty if the trial court had told him the mandatory minimum fine was $7,500. Instead, he argues that because the trial court allegedly did not explain the mandatory fine during the plea colloquy, he was not able to file an affidavit of indigency prior to sentencing to seek a waiver of the fine.

**{¶11}** In *State v. Gipson*, 80 Ohio St.3d 626, 1998-Ohio-659, 687 N.E.2d 750, the Ohio Supreme Court found that

> R.C. 2929.18(B)(1) clearly requires that a sentencing court shall impose a mandatory fine upon an offender unless (1) the offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine, and (2) the court determines that the offender is in fact an indigent person and is unable to pay the mandatory fine.

*Id.* at 631.

**{¶12}** The *Gipson* court further found that although the phrase "prior to sentencing" suggests that a defendant must file his affidavit prior to the sentencing hearing to invoke the statutory procedure for avoiding the mandatory fine, an affidavit of indigency may be properly filed with the clerk of court and time-stamped at any time prior to the filing of the trial court's journal entry reflecting the sentencing decision. *Id.*, paragraph one of the syllabus; *see also State v. Shepard*, 8th Dist. Cuyahoga No. 95433, 2011-Ohio-2525, ¶ 8, citing *Gipson*. Thus, Mackey could have filed an affidavit of indigency after sentencing but prior to entry of the trial court's sentencing judgment.

**{¶13}** Mackey has not demonstrated that he was prejudiced by the trial court's explanation of the fines, and has not presented any evidence nor made any argument that he would not have entered his plea if the trial court had explained that there was a mandatory minimum fine of $7,500 on Counts 9 and 18. In fact, neither Mackey nor his counsel raised any objection at the plea colloquy or sentencing to the imposition of the fines. Without any evidence that the plea would not have otherwise been made, Mackey

has not met his burden of showing prejudice that would necessitate vacating his plea. *State v. Allen*, 8th Dist. Cuyahoga No. 93488, 2010-Ohio-3718, ¶ 11.

**{¶14}** With respect to Mackey's assertion that the multi-defendant plea colloquy in this case violated Crim.R. 11 because it did not provide an opportunity for a meaningful dialogue between him and the trial court, we note that multi-defendant plea colloquies are rife with opportunity for error. Nevertheless, our review of the record demonstrates that prior to accepting a plea from Mackey and the other defendants, the trial court carefully ensured that each defendant understood the constitutional rights he or she was waiving, as well as the charges against him or her and the possible penalties associated with the charges, and that each defendant was making the plea voluntarily. Specifically with regard to Mackey, we find nothing that would indicate that his plea was not made knowingly, voluntarily, and intelligently. The first and second assignments of error are therefore overruled.

**{¶15}** We must reverse the trial court's sentencing judgment with respect to Count 18, however, because the record reflects that the trial judge never took a plea from Mackey on this count. Accordingly, the judgment is affirmed in part, reversed in part, and remanded for a plea hearing on Count 18.

**{¶16}** Affirmed in part; reversed in part and remanded.

It is ordered that the parties share equally costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

EILEEN T. GALLAGHER, J., CONCURS;
MELODY J. STEWART, A.J., CONCURS IN JUDGMENT ONLY