[Cite as *State v. Clayton*, 2014-Ohio-1427.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
### No. 100081

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# CONRAD CLAYTON

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-570339

**BEFORE:** S. Gallagher, J., Boyle, A.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** April 3, 2014

**ATTORNEY FOR APPELLANT**

P. Andrew Baker
17877 St. Clair Avenue
Suite 150
Cleveland, Ohio   44110


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Martin M. Maxwell
Assistant Prosecuting Attorney
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio    44113

SEAN C. GALLAGHER, J.:

{¶1} Defendant-appellant Conrad Clayton appeals from his conviction, entered upon his plea of no contest, for offenses of trafficking and possession of criminal tools. For the following reasons, we affirm.

{¶2} The trial court made the following findings of fact: On January 2, 2013, Conrad was a passenger in a vehicle driven by Lloyd Jones. Two police officers observed Jones change lanes without signaling and initiated a traffic stop. Jones was driving the car while under a suspended license, so the police officers radioed for backup. As the officers approached the vehicle, one of them observed Clayton holding a marijuana cigarette. Clayton turned over the cigarette to the officer and was asked to exit the car. While another officer frisked Clayton for officer safety, a third responding officer saw what appeared to be a plastic baggie filled with cocaine falling out of the front pocket of Clayton's hooded sweatshirt. Clayton was relieved of the contraband and arrested.

{¶3} In June 2013, Clayton pleaded no contest to one count of possession, in violation of R.C. 2925.11(A); one count of trafficking, in violation of R.C. 2925.03(A)(2); and one count of possessing criminal tools, in violation of R.C. 2923.24(A). The trial court found Clayton guilty on all three counts, but merged the trafficking and possession counts for sentencing. Clayton was sentenced to a

two-year term of imprisonment, one year on each count to be served consecutively. It is from this conviction that Clayton timely appeals, advancing two assignments of error.

{¶4} In his first assignment of error, Clayton argues that the trial court erred in denying his motion to suppress the discovered drugs because the police officers could not have been able to identify the nature of the item from feel alone. We find no merit to Clayton's argument.

{¶5} An appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence in reviewing the propriety of a motion to suppress upon appeal. *State v. Fanning*, 1 Ohio St.3d 19, 437 N.E.2d 583 (1982). In this case, the trial court found that the drugs were discovered in plain view. According to the evidence as presented, one officer observed the bag of drugs falling out of Clayton's pocket while another officer was conducting the pat-down search. The drugs were not, therefore, discovered through the pat-down per se, and we need not address whether the officer could have determined the nature of the contraband through feel alone. Clayton's first assignment of error is overruled.

{¶6} In his second assignment of error, Clayton argues that the trial court erred by imposing consecutive sentences without making the three required findings pursuant to R.C. 2929.14(C)(4).[1] Contrary to Clayton's argument, the trial court made separate and

---

[1]Clayton does not advance any argument regarding whether the record does not clearly and convincingly support the findings, other than to mention that the trial court incorrectly stated that his 12 prior convictions were all for drug trafficking, when according to Clayton, only 4 of those 12 involved drug trafficking. R.C. 2929.14(C)(4) does not require his prior convictions to be of the same offense; therefore, any argument regarding the facts not supporting the finding is without merit.

distinct findings prior to imposing consecutive sentences. *See State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 17 (8th Dist.).

{¶7} The trial court succinctly found that

> [(1)] A consecutive sentence is necessary to punish the offender, [(2)] that it is not disproportionate to the seriousness of the offender's conduct, and [(3)] the offender's history of criminal conduct, as indicated by this Court previously, demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

Tr. 392:5-14; R.C. 2929.14(C)(4) (findings (1) and (2)) and 2929.14(C)(4)(c) (finding (3)). The trial court made the required findings, and Clayton's second assignment of error is without merit.

{¶8} The decision of the trial court and Clayton's conviction are affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, A.J., and
KENNETH A. ROCCO, J., CONCUR