[Cite as *State v. Moore*, 2014-Ohio-2979.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   100401

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CHANTEZ MOORE

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART, REVERSED IN PART,
AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-568180-A

**BEFORE:**   E.A. Gallagher, J., Celebrezze, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**    July 3, 2014

**ATTORNEYS FOR APPELLANT**

Paul A. Mancino
Mancino Mancino & Mancino
75 Public Square Building
Suite 1016
Cleveland, Ohio   44113-2098

Myron P. Watson
323 W. Lakeside Avenue
Suite 420
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Nicole Ellis
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

{¶1} Defendant-appellant Chantez Moore appeals his convictions from the Cuyahoga County Court of Common Pleas. On appeal, Moore challenges the trial court's denial of his motion to suppress, the trial court's imposition of a mandatory fine and court costs and the court's failure to consider the required statutory criteria for felony sentencing. For the following reasons, we affirm in part, reverse in part, and remand.

{¶2} Moore was indicted in a three-count indictment and charged with drug trafficking, drug possession, and possession of criminal tools. Moore filed a motion to suppress evidence obtained by police during a traffic stop of his vehicle. A hearing was held and the court overruled the motion to suppress.

{¶3} The following facts were adduced at the suppression hearing: While on patrol with his partner, Cleveland police officer Donald Kopchek spotted a black Dodge Avenger turn onto Martin Luther King Drive without using a turn signal. (Moore would later testify that he did use a turn signal to make this turn.) The officers attempted to pull the car over immediately but, due to traffic, they were unable to do so. The car proceeded down Martin Luther King Drive and merged onto I-90, again without a turn signal. The officers caught up to the vehicle on the highway and initiated a traffic stop.

{¶4} Once the vehicle was stopped in the right lane Kopchek approached the vehicle on the passenger side. As he approached the car he observed the driver, whom he identified as Moore, shoving something into the waistband of his pants. Moore provided Kopchek with his license, and during this exchange Kopchek observed a clear plastic bag sticking out of Moore's waistband. Kopchek believed that the plastic bag he

had observed contained narcotics based on his experience with drug trafficking. For safety purposes, the officers removed Moore from his car and immediately placed him in handcuffs. Once Moore was removed from the vehicle they moved him to the rear of the car and performed a pat-down.

{¶5} As Kopchek patted Moore down he felt a hard cylindrical object falling through Moore's right pant leg. When asked what the object was Moore did not respond. Instead, he attempted to turn around toward the officers. Kopchek's partner repeatedly ordered him to stop. The officers then asked Moore if the object in his pants was a gun and, again, he did not respond but attempted to turn toward the officers. The officers again told him to stop. As Moore turned, a single plastic bag containing suspected narcotics fell from Moore's pant leg. As Moore leaned up against the car, more bags of narcotics began to fall from his pants. Most notable to the officers was what they believed to be a large bag of heroin. This testimony was contradicted by Moore's testimony wherein he alleged that Officer Kopchek recovered the drugs from his anal cavity; not through the pat-down to which Kopchek testified. The contents of the recovered plastic bag subsequently tested positive for heroin. Once the bag was discovered, Moore was placed under arrest. Kopchek proceeded to search Moore's car where he found six cellular telephones and a large sum of money. The trial court denied Moore's motion to suppress the evidence obtained during the traffic stop.

{¶6} Moore subsequently pled no contest to the indictment. For sentencing purposes the trial court merged the trafficking and possession charges as allied offenses.

The state elected to go forward under the trafficking charge and the trial court imposed a prison term of six years. The court also imposed a one-year prison term for possessing criminal tools. The trial court ordered the terms to run concurrently. Moore was ordered to pay a mandatory fine and forfeited $4,859 in U.S. currency and six cellular telephones. Moore appeals, asserting five assignments of error.

{¶7} Moore's first assignment of error states:

Defendant was denied due process of law when the court denied his motion to suppress evidence, and ruled that the search of defendant after he had been seized by the police was constitutional.

{¶8} In *State v. Preztak*, 181 Ohio App.3d 106, 2009-Ohio-621, 907 N.E.2d 1254 (8th Dist.), this court outlined the standard of review on a motion to suppress:

Our standard of review with respect to motions to suppress is whether the trial court's findings are supported by competent, credible evidence. See *State v. Winand*, 116 Ohio App.3d 286, 688 N.E.2d 9 (7th Dist.1996), citing *City of Tallmadge v. McCoy*, 96 Ohio App.3d 604, 645 N.E.2d 802 (9th Dist.1994). This is the appropriate standard because "in a hearing on a motion to suppress evidence, the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses." *State v. Hopfer*, 112 Ohio App.3d 521, 679 N.E.2d 321 (2nd Dist.1996).

{¶9} After accepting such factual findings, the reviewing court must independently determine, as a matter of law, whether the applicable legal standard has been satisfied. *State v. Jones*, 8th Dist. Cuyahoga No. 99837, 2014-Ohio-496.

{¶10} Moore presents four separate arguments as to this assignment of error. First, Moore argues that the traffic stop of his vehicle was unlawful. Officer Kopchek

testified to observing a traffic violation in the form of an unsignaled turn by Moore onto Martin Luther King Drive. A law enforcement official may conduct a traffic stop when there is a reasonable suspicion of criminal activity, such as a traffic violation. *State v. Robinson*, 8th Dist. Cuyahoga No. 95160, 2011-Ohio-842, ¶ 27. Officer Kopchek testified to a second observed traffic violation by Moore that arguably did not constitute a traffic violation. The trial court found the officer's testimony regarding the initially observed traffic violation to be credible. We find the trial court's factual finding to be supported by competent, credible evidence and will not disturb it.

{¶11} Next, Moore argues that Officer Kopchek had no justification for removing him from his vehicle and engaging in a pat-down of his clothing. The Fourth Amendment to the United States Constitution prohibits warrantless searches and seizures, rendering them per se unreasonable unless an exception applies. *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). An investigative stop, or "*Terry*-stop," is a common exception to the Fourth Amendment warrant requirement. *See Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.E.2d 889 (1968). As stated by this court in *State v. Paschal*, 169 Ohio App.3d 200, 2006-Ohio-5331, 862 N.E.2d 196 (8th Dist.):

> In the seminal case of *Terry v. Ohio*, the United States Supreme Court explained that the Fourth Amendment allows a police officer to stop and detain an individual if the officer possesses a reasonable suspicion, based upon specific and articulable facts, that criminal activity "may be afoot."

*Terry v. Ohio*, 392 U.S. 1, 9, 20 L.Ed.2d 889, 88 S.Ct. 1868 (1968); see also *State v. Andrews*, 57 Ohio St.3d 86, 565 N.E.2d 1271 (1991). A valid investigative stop must be based upon more than an inchoate and unparticularized suspicion or hunch that criminal activity is afoot. *United States v. Arvizu*, 534 U.S. 266, 151 L.Ed.2d 740, 122 S.Ct. 744 (2002); *Terry* at 27.

In deciding whether reasonable suspicion exists, courts must examine the "'totality of the circumstances' of each case to determine whether the detaining officer has a 'particularized and objective basis' for suspecting legal wrongdoing." *Arvizu*, quoting, *United States v. Cortez*, 449 U.S. 411, 417-418, 66 L.Ed.2d 621, 101 S.Ct. 690 (1981); *State v. Bobo*, 37 Ohio St.3d 177, 524 N.E.2d 489 (1981), citing *State v. Freeman*, 64 Ohio St.2d 291, 414 N.E.2d 1044 (1980).

Under this totality of the circumstances approach, police officers are permitted to "draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that 'might well elude an untrained person.'" *Arvizu*, quoting, *Cortez* at 418. Thus, a court reviewing the officer's reasonable suspicion determination must give due weight to the officer's trained eye and experience and view the evidence through the eyes of those in law enforcement. *Id.* See also *Andrews* at 87-88.

**{¶12}** In this instance Officer Kopchek testified to observing Moore secreting a plastic bag into the waistband of his trousers. Officer Kopchek believed the plastic bag to be contraband based on Moore's efforts to conceal the bag prior to interacting with the

officers. He further testified that, based on his experience, drugs are typically transported in motor vehicles and packaged in plastic bags.

**{¶13}** "Once a lawful stop has been made, the police may conduct a limited protective search for concealed weapons if the officers reasonably believe that the suspect may be armed or a danger to the officers or to others." *State v. Lawson*, 180 Ohio App.3d 516, 2009-Ohio-62, 906 N.E.2d 443, ¶ 21 (2d Dist.). "The purpose of this limited search is not to discover evidence of crime, but to allow the officer to pursue his investigation without fear of violence." *State v. Evans*, 67 Ohio St.3d 405, 422, 1993-Ohio-186, 618 N.E.2d 162, citing *Terry*, 392 U.S. 1, 24, 88 S.Ct. 1868, 20 L.Ed.2d 889. To justify a pat-down, "the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry* at 27. In addition, as stated in *State v. Bales*, 2d Dist. Montgomery No. 24897, 2012-Ohio-4968, ¶ 23:

> It is well recognized that the need for a protective pat-down becomes more urgent where drugs are involved. "The very nexus between drugs and guns can create a reasonable suspicion of danger to the officer." *State v. Thompson*, 1st Dist. Hamilton No. C-050400, 2006-Ohio-4285, ¶ 11. Further, "[r]ecognizing the prevalence of weapons in places where illegal drugs are sold and used * * * an officer's fear of violence when investigating drug activity is a legitimate concern that will justify a pat-down search for weapons." *State v. Oatis*, 12th Dist. Butler No. CA2005-03-074, 2005-Ohio-6038, ¶ 23, citing *State v. Taylor*, 82 Ohio App.3d 434, 612 N.E.2d 728 (2d Dist.1992).

**{¶14}** Moore further argues that the protective pat-down was unnecessary because the officers handcuffed him upon removing him from his vehicle. This court addressed this issue in *State v. Hubbard*, 8th Dist. Cuyahoga No. 83385, 2004-Ohio-4498, wherein

we noted that *Terry* does recognize that the police are entitled to take reasonable measures to ensure their own safety, including handcuffing should the situation warrant it. *Id*. at ¶ 16, citing *Evans* at 408. The facts and circumstances must warrant the use of handcuffs; without an element of risk, the "officer safety" rationale will not apply. *Id*.

**{¶15}** We find no violation of *Terry* in this instance. The officers possessed an articulable suspicion, based on their observations, that Moore possessed and was attempting to conceal narcotics under his clothing as well as a reasonable fear that Moore might be armed. The safety concerns for officers searching such a suspect on the side of a highway are self-evident. Furthermore, consistent with the officer's safety concerns, Moore was uncooperative during the pat-down.

**{¶16}** Moore next argues that Officer Kopchek could not have mistook the hard cylindrical object he felt in Moore's pants for a weapon and, therefore, the plain feel exception should not apply to the officer's discovery of the drugs. Police may seize nonthreatening contraband detected through the sense of touch during a protective pat-down search of the sort permitted in *Terry*, so long as the search stays within the bounds marked by *Terry*. *Minnesota v. Dickerson*, 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993). The identity of the contraband, however, must be immediately apparent to the searching officer. *Id*.

**{¶17}** In this instance, Kopchek testified that, upon feeling the object at issue, he asked Moore if it was a gun. However, we need not apply the plain feel doctrine in this instance because Kopchek testified that the narcotics fell down and out of Moore's pants

and were observed by him on the ground. Therefore, we need not address whether the officer could have determined the nature of the contraband through feel alone. *State v. Clayton*, 8th Dist. Cuyahoga No. 100081, 2014-Ohio-1427, ¶ 5.

{¶18} An exception to the warrant requirement includes evidence found in plain view.

> [T]o justify the warrantless seizure of an item under the plain view doctrine: (1) the seizing officer must be lawfully present at the place from which he can plainly view the evidence; (2) the officer has a lawful right of access to the object itself; and (3) it is immediately apparent that the item seized is incriminating on its face.

*State v. Grimes*, 8th Dist. Cuyahoga No. 94827, 2011-Ohio-4406, ¶ 33, quoting *Horton v. California*, 496 U.S. 128, 136-37, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990). The testimony of Officer Kopchek established that the drugs were discovered in plain view when they fell from Moore's pants.

{¶19} Finally, Moore argues that Kopchek exceeded the scope of a *Terry* pat-down by removing money from his pockets. The trial court noted the difference in testimony between Kopchek and Moore regarding where the money was found and noted that Kopchek could not recall precisely from where the money was recovered. In fact, Kopchek's testimony was that the money was recovered from Moore's vehicle although he could not recall precisely where, within the vehicle, the money was found.

{¶20} Police may search a vehicle incident to a recent occupant's arrest where it is reasonable to believe the vehicle contains evidence of the offense of arrest. *Arizona v. Gant*, 556 U.S. 332, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009). *Accord State v. Grubb*, 186

Ohio App.3d 744, 2010-Ohio-1265, 930 N.E.2d 380 (3d Dist.).

{¶21} The trial court previously noted that it found the officer's testimony to be more credible than Moore's. Moore does not argue that a violation of *Gant* occurred in this instance nor would we find such an argument persuasive considering Moore was viewed by Officer Kopchek within his vehicle attempting to conceal what proved to be narcotics.[1] In any event, Moore appears to challenge the trial court's decision to believe the testimony of Kopchek over his own. As a reviewing court, we defer to the trial court's credibility determinations. The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact, who observed the witness in person. *State v. Dunbar*, 8th Dist. Cuyahoga No. 99740, 2014-Ohio-383, ¶ 18, citing *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967).

{¶22} Moore's first assignment of error is overruled.

{¶23} Moore's second assignment of error states:

Defendant was denied due process of law when the court imposed a monetary fine without any consideration or determination of indigency.

{¶24} R.C. 2929.18(B)(1) provides in pertinent that:

If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender.

---

[1] It is unclear from the record if Moore's vehicle was subject to police impoundment in this instance, and therefore inventoried pursuant to being towed as opposed to searched pursuant to *Gant*. We do note that the traffic stop and arrest occurred on the side of a highway indicating that a tow likely occurred but the state failed to explore this issue at the suppression hearing.

**{¶25}** If an affidavit of indigency is filed before sentencing, the trial court must determine if the defendant is indigent. *State v. Shepard*, 8th Dist. Cuyahoga No. 95433, 2011-Ohio-2525, ¶ 8. If an affidavit of indigency is not filed pursuant to R.C. 2929.18(B)(1), the trial court is required to impose the mandatory fine. *State v. Foreman*, 3d Dist. Hancock No. 5-07-17, 2008-Ohio-4408. The Supreme Court of Ohio has interpreted R.C. 2929.18(B)(1) to mean that "the affidavit must be delivered to the clerk of court for purposes of filing and must be indorsed by the clerk of court, i.e., time-stamped, prior to the filing of the journal entry reflecting the trial court's sentencing decision." *State v. Gipson*, 80 Ohio St.3d 626, 632, 1998-Ohio-659, 687 N.E.2d 750; *State v. Mackey*, 8th Dist. Cuyahoga No. 99390, 2013-Ohio-4698, ¶ 12.

**{¶26}** The record reflects that Moore's affidavit of indigency was not properly submitted pursuant to *Gipson*. A trial court is only required to consider indigency status when an indigency affidavit is submitted. The record indicates that the affidavit was handed to the judge immediately following sentencing but was never delivered to the clerk of courts in the manner prescribed by *Gipson*. As Moore failed to comply with the conditions set forth in *Gipson*, the trial court was under no obligation to consider his indigency status and did not err when it imposed the mandatory fine. Regardless, this error is rendered moot by virtue of our remand on Moore's third and fourth assignments of error.

**{¶27}** Moore's third assignment of error states:

Defendant was denied due process of law when the court imposed a

monetary fine without identifying that fine in the pronouncement of sentence.

**{¶28}** Crim.R. 43(A) provides in pertinent part:

The defendant must be physically present at every stage of the criminal proceeding and trial, including * * * the imposition of sentence.

**{¶29}** A criminal defendant needs to be present when sentence is imposed. *State v. Kimmie*, 8th Dist. Cuyahoga No. 98979, 2013-Ohio-2906, ¶ 23. Thus, when a discrepancy between the sentencing hearing and the journal entry exists, there should be a remand for the limited purpose of a new sentencing hearing. *State v. Jones*, 8th Dist. Cuyahoga No. 94408, 2011-Ohio-453, ¶ 15-16. At sentencing, the trial court indicated that a mandatory fine would be imposed as part of Moore's sentence but failed to specify the amount of the fine. The court's sentencing entry subsequently imposed a $15,000 fine. We find that the trial court committed reversible error when it imposed the fine through the journal entry and not at the sentencing hearing. Moore's third assignment of error is sustained.

**{¶30}** Moore's fourth assignment of error states:

Defendant was denied due process of law when the court in its judgment entry imposed court costs without mentioning court costs at the pronouncement of sentence.

**{¶31}** Similar to the preceding assignment of error, a trial court cannot impose court costs on a defendant solely through a journal entry. *State v. Grice*, 8th Dist. Cuyahoga No. 97046, 2012-Ohio-1938, ¶ 57-59. Court costs must also be imposed during the sentencing hearing. *Id.* The Ohio Supreme Court has held that a failure to

impose costs at sentencing constitutes error because the defendant has no opportunity to have those costs waived. *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, ¶ 22. In this case, the trial court made no mention of court costs at the sentencing hearing but imposed them in Moore's sentencing entry. In light of this error, Moore's fourth assignment of error is sustained.

**{¶32}** Moore's fifth assignment of error states:

Defendant was denied due process of law when the court, at sentencing, failed to consider the statutory criteria for felony sentencing.

**{¶33}** Moore argues that the trial court failed to consider the required statutory criteria for felony sentencing or the overriding purposes of felony sentencing. The journal entry reflects that the trial court considered all of the required sentencing criteria for this felony conviction and the transcript from Moore's sentencing hearing reflects such consideration. A statement by a trial court that all required sentencing criteria has been considered is enough to satisfy the requirements of R.C. 2929.11 and 2929.12. *State v. Clayton*, 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112, ¶ 9, citing *State v. Kamleh*, 8th Dist. Cuyahoga No. 97092, 2012-Ohio-2061, ¶ 61.

**{¶34}** Thus, Moore's fifth assignment of error is overruled.

**{¶35}** The judgment of the trial court is affirmed in part and reversed in part.

**{¶36}** We remand for the limited purpose of resentencing on the matter of the mandatory fine and to allow for Moore to move the court for a waiver of the payment of court costs. Should Moore file such a motion, the court should rule upon it within a

reasonable time.

It is ordered that appellee and appellant share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  The defendant's conviction having been affirmed, any bail pending appeal is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
MARY EILEEN KILBANE, J., CONCUR